IN RE CALHOUN.

[Cite as In re Calhoun (1976), 47 Ohio St. 2d 15.]

(No. 75-1172—Decided July 7, 1976.)

16

*Mr. John W. Kessler,* for appellant.
*Mr. Lee C. Falke,* prosecuting attorney, *Mr. Jonathan A. Horwitz* and *Mr. John V. Spalla,* for appellee.

*Per Curiam.* Appellant's brief in the Court of Appeals sets forth in its statement of the case appellant's 1971 contempt conviction, his two-day confinement, and that the remainder of the sentence was "conditionally suspended." The brief submitted by appellant to this court, however, contains no such references, nor does it state that the action taken by the Court of Common Pleas in June 1975 was the *invocation* of the conditionally suspended 1971 sentence.

This court is loath to consider such omission an attempt to mislead the court, but such facts are clearly relevant herein inasmuch as *Argersinger* v. *Hamlin* (1972), 407 U. S. 25, decided on June 12, 1972, was specifically held to lack retroactive effect in Ohio in *Cincinnati* v. *Berry* (1973), 34 Ohio St. 2d 106*, and most of the events giving rise to appellant's 1975 confinement order occurred in 1971. We leave those considerations for another day, however, because for several other reasons we affirm the judgment of the Court of Appeals dismissing this action.

---

*The dissenting opinion of STERN, J., concurred in by O'NEILL, C. J., and W. BROWN, J., urged retrospective application of *Argersinger* to *criminal* trials.

First,. *Argersinger* v. *Hamlin, supra,* held .that. the state must .furnish counsel .to an indigent defendant in a petty offense *criminal* prosecution, pursuant to the Sixth Amendment guarantee of the assistance of counsel .*"in all criminal prosecutions."* (Emphasis added.) In this state " [c]ontempt proceedings are regarded as *sui generis,* and not criminal prosecutions * * *." *State* v. *Timson* (1974), 38 Ohio St. 2d 122, paragraph three of syllabus. The only *noncriminal* situation to which this court has applied *Argersinger* is involuntary civil commitment proceedings undertaken pursuant to R. C. 5122.15. *In re Fisher* (1974), 39 Ohio St. 2d 71. In addition, we find a great factual difference in *Argersinger*—a criminal prosecution involving the inordinately unbalanced power of the state's prosecutorial forces and resources versus an indigent criminal defendant—and the instant cause, where appellant was summoned before the court *sua sponte* to explain why he had not contributed to the support of his children for several years, and the "adverse" party, the mother of the children, was not represented by counsel.

Secondly, we find inapposite *In re Green* (1962), 369 U. S. 689, urged by counsel for appellant in oral argument to be the "leading case" in support of his position herein. In that case, the court held that the contempt conviction of an attorney, who advised picketers in a labor dispute to continue picketing in violation of an ex parte injunction, violated due process rights where such conviction was had "* * * without a hearing and. an opportunity to establish that the state court was acting in a field reserved exclusively by congress for the federal agency." *Id.,* at page 693. However, appellant, herein apparently enjoyed the full panoply of due-process accouterments, save the claimed right to be provided with counsel. Indeed, the United States Supreme Court, in its most recent statement upon due-process rights of alleged contemnors, admonishes that "* * * all we have decided today is that a contemnor is entitled to the elementary due process protections of 'reasonable notice of the specific charges and opportunity to be heard in his own behalf,' *supra,* at 499, neither of which petitioner re-

ceived. Nowhere do we intimate that 'a full-scale trial is appropriate.' * * *'' *Taylor* v. *Hayes* (1974), 418 U. S. 488, 500, at fn. 9. The court also stated, at page 496, that even *criminal* contempt '' '* * * is not a crime of the sort that requires the right to jury trial regardless of the penalty involved.' ''

Thirdly, we believe that certain defects in appellant's petition wholly justify its dismissal by the Court of Appeals. R. C. 2725.04 requires that the petition be ''signed and verified'' and that it ''specify * * * [t]he officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended.'' This petition satisfies neither of those requirements, and was therefore properly dismissed. *In re Striker* (1956), 101 Ohio App. 455.

Finally, appellant has not shown the inadequacy of the remedy of appeal from the judgment of the Court of Common Pleas. See *In re Hunt* (1976), 46 Ohio St. 2d 378, and authorities therein cited. This court has held that habeas corpus is available to determine whether a person was not afforded counsel and thereby denied due process in noncriminal civil commitment proceedings in *In re Fisher*, *supra*, but only where habeas corpus is the ''only adequate remedy available for the vindication of the constitutional right of due process.''

Even though appellant is not presently confined, we will not consider the question of mootness (see *In re Popp* [1973], 35 Ohio St. 2d 142) because counsel for appellant assured the court in oral argument that appellant is ''on his own recognizance pending the outcome of this appeal'' and, therefore, still under ''restraint.''

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., concurring in the judgment.

I concur in the judgment herein *only* insofar as dismissal of appellant's petition is premised upon noncompliance with R. C. 2725.04. Inasmuch as appellant sought to invoke the jurisdiction of the Court of Common Pleas, the burden was upon him to meet the statutory requirements. *In re Hunt* (1976), 46 Ohio St. 2d 378, in which appellant contested the *jurisdiction* of a Juvenile Court pursuant to R. C. 2151.27 and Juv. R. 10, is not applicable to the facts of this case, and reliance thereupon by the majority herein is misplaced.