**Kendall COBB, et al., Plaintiffs,**

v.

**Judge Timothy M. GREEN, et al., Defendants.**

**No. G83–285 CA.**

United States District Court, W.D. Michigan, S.D.

June 21, 1985.

Kenneth A. Birch, Birch, Dean & Preston, East Lansing, Mich., for plaintiffs.

George H. Weller, Asst. Atty. Gen., Lansing, Mich., for Green and Steinman.

Larry A. Salstrom, Cohl, Salstrom, Stoker & Aseltyn, Lansing, Mich., for 13th Judicial Cir. Court, et al.

## OPINION

BENJAMIN F. GIBSON, District Judge.

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that, absent "extraordinary circumstances," considerations of comity and federalism require the federal courts to abstain from enjoining pending criminal proceedings in state court. In subsequent cases, the Court extended the

doctrine of *Younger* to require abstention when the relief sought in federal court would interfere with ongoing state *civil* proceedings involving matters of special concern to the states. *See, e.g., Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (child abuse proceedings); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt proceedings).

Before the Court now are motions asking the Court to reconsider its previous determination [1] that "extraordinary circumstances" exist in this case which warrant a departure from *Younger's* general rule of abstention. In order to understand the Court's previous ruling and the grounds for defendants' motions for reconsideration, a review of the procedural history of the case is required.

Plaintiff Kendall Cobb filed the initial complaint in this case on March 22, 1983, on behalf of himself and all other similarly situated individuals "to challenge the Defendants' practice ... of refusing to appoint counsel to represent indigent defendants at hearings on charges of contempt of court for failure to comply with child support orders." Complaint, *Cobb v. Green,* No. G83–285, ¶ 1. Plaintiff urged that the due process clause of the fourteenth amendment requires representation by counsel during such contempt hearings. The initial complaint named as defendants Timothy M. Green, Judge of the 29th Judicial Circuit Court of the State of Michigan, and Colleen M. Steinman, Friend of the Court in the 29th Judicial District.[2] Plaintiff's complaint sought certification of the case as a class action, a preliminary injunction, and permanent injunctive and declaratory relief on behalf of the class.

On April 11, 1983, after a hearing, this Court issued its decision on the matter of preliminary relief. The Court enjoined defendants Green and Steinman from "incarcerating, threatening to incarcerate or ordering incarceration of [plaintiff Cobb] for

non-payment of child support, unless and until plaintiff is advised of his right to appointed counsel if he is unable to afford representation at a hearing on the subject of such non-payment and is provided with such counsel if appropriate...."

One issue before the Court at that time was whether the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), required the Court to abstain from deciding this case on its merits. In its decision not to abstain, this Court closely considered the case of *Parker v. Turner,* 626 F.2d 1 (6th Cir.1980), where the Sixth Circuit held that abstention under *Younger* was appropriate because no "extraordinary circumstances" existed to indicate that plaintiffs had no adequate means of redress in the state courts. In considering the question whether plaintiffs had an adequate means of redress, the Court of Appeals noted that it had

> great difficulty accepting the argument that a person jailed for civil contempt for non-support in the state of Tennessee has no right of appeal. ... We note, however, that federal relief is not foreclosed forever. Should the Tennessee appellate courts be unable or unwilling to correct continuing unconstitutional conduct by the Juvenile Court judges, plaintiffs would then be in a position of showing "exceptional circumstances" which would warrant federal injunctive relief. Alternatively, the plaintiffs always have the remedy of federal habeas corpus available in individual cases.

626 F.2d at 10.

After carefully considering the Sixth Circuit's rationale, this Court concluded that *Parker* did not govern the facts of this case. The "extraordinary circumstances" that were lacking in *Parker* were found to be present in this case because the issue raised here by plaintiff had already been decided against his interests by the Michigan Supreme Court. In *Sword v. Sword,*

---

1. *See Cobb v. Green,* 574 F.Supp. 256 (W.D.Mich. 1983).

2. Anthony Hufnagel, Sheriff of Clinton County, was also named as a defendant but was dismissed by order of this Court on April 11, 1983.

399 Mich. 367, 249 N.W.2d 88 (1976), the Michigan Supreme Court held that no general due process right to counsel exists in civil non-support contempt proceedings. Given the holding of *Sword*, this Court found little reason to believe that the Michigan courts would reach a different result should plaintiff here appeal his case through the Michigan system. For that reason, this Court found that the "extraordinary circumstances" discussed in *Younger* existed and that abstention was therefore inappropriate.[3]

Defendants now move for reconsideration, arguing that the recent Sixth Circuit decision in *Sevier v. Turner*, 742 F.2d 262 (6th Cir.1984), conclusively establishes that abstention under the *Younger* doctrine is required on the facts of this case. Plaintiff Sevier, like the plaintiff in this case, was jailed after being found guilty of civil contempt for failure to pay child support. At his contempt hearing, as in the present case, Sevier was not advised of a right to counsel, either retained or appointed.[4] Because the facts of *Sevier* are very similar to those presently before the Court, it is a case that must be closely considered. In particular, there are two aspects of the opinion that are important.

First, the *Sevier* court clearly held that plaintiff's constitutional rights were violated because he was incarcerated as a result of a civil contempt hearing where he was not advised of his right to counsel, either appointed or retained. 742 F.2d at 267. Defendants argue that this was not a hold-

ing of *Sevier*, but was merely the court's statement of plaintiff's claim. A close analysis of the *Sevier* opinion, however, convinces this Court that the Sixth Circuit intended this as its holding.

In the portion of its opinion dealing with plaintiff's claims for monetary relief, the Sixth Circuit stated that:

> Since Sevier was incarcerated for sixteen days as a result of the civil contempt hearing, he was entitled to have the assistance of counsel during that proceeding. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25–26, 101 S.Ct. 2153, 2158–59, 68 L.Ed.2d 640 (1981); *Mastin v. Fellerhoff*, 526 F.Supp. 969 (S.D.Ohio 1981); *Young v. Whitworth*, 522 F.Supp. 759 (S.D.Ohio 1981). As indicated by the Supreme Court in *Lassiter*, the relevant question in determining if a defendant is entitled to counsel during this type of contempt proceeding is not whether the proceeding be denominated civil or criminal, but rather is whether the court in fact elects to incarcerate the defendant.

742 F.2d at 267. Although it dealt with the issue in one short paragraph, it is clear that the Sixth Circuit did in fact hold that plaintiff's constitutional rights had been violated, resting its holding on the rationales of *Lassiter*, *Mastin*, and *Young*. That this was the holding is made clear by the fact that *Sevier* was remanded to the district court for trial on the issue of damages resulting from the violation of plaintiff's constitutional rights. 742 F.2d at 271, 273.

---

**3.** After the preliminary injunction was issued on behalf of plaintiff Cobb, the Court heard arguments on class certification. On November 14, 1983, the Court certified a class comprised of "all individuals who have been or will be summoned to appear in the Clinton County Circuit Court or other Michigan Circuit Courts to answer charges that they are in contempt of court by reason of failing to pay child support, and who face incarceration thereof, and who are unable to afford to retain counsel to represent them in such proceedings." Shortly thereafter, plaintiff amended his complaint to include claims of five other class members who were receiving public assistance from the State of Michigan, who were jailed for contempt of a state court's support order, and who were not advised of any right to be represented by coun-

sel at their contempt hearings. On July 18, 1984, the Court granted leave to amend the complaint to include Ygnacio Bermudez as an additional plaintiff and Judge Robert Holmes Bell and Susan Howard as additional defendants.

**4.** Besides challenging the civil contempt proceedings, plaintiff Sevier also challenged the criminal proceedings which had been instigated against him simultaneously with the civil proceedings. Because plaintiffs in this case have not alleged that they are the subjects of criminal proceedings, the portions of the Sevier opinion dealing with the *Massiah* and *Miranda* doctrines are not relevant to this case.

Although this first aspect of the *Sevier* opinion is of some relevance, it appears in the portion of the opinion dealing with plaintiff's claims for monetary relief. Plaintiffs here have not sought damages, but injunctive and declaratory relief. Thus, this Court must turn to the portion of *Sevier* dealing with the equitable claims of the plaintiff. In that portion of the opinion, after having concluded that plaintiff's constitutional rights had been violated, the Sixth Circuit nevertheless held that the *Younger* abstention doctrine precluded the district court from issuing declaratory or injunctive relief.

This latter portion of the *Sevier* opinion further clarifies Sixth Circuit law on the pivotal issue in this case, the kind of "extraordinary circumstances" under which the district courts should deviate from *Younger's* general rule of abstention. More accurately stated, because the *Sevier* court concluded that "extraordinary circumstances" *did not* exist in that case, the opinion clarifies what *does not* justify an exception to *Younger's* general rule of abstention.

Plaintiff Sevier first argued that, because a Tennessee Court of Appeals had already held that indigent fathers had no right to counsel in contempt hearings involving child support arrearages, it would be fruitless to require an appeal through the state appellate courts. The Sixth Circuit rejected this argument, noting that the Tennessee case to which plaintiff referred was one decided prior to both the *Lassiter* opinion of the United States Supreme Court and the *Parker* decision of the Sixth Circuit. Further, the court noted that there were other Tennessee cases from which the court could infer that, once the right to counsel at such proceedings had been clearly established, the Tennessee courts would overturn any contempt sentence rendered without the opportunity for representation by counsel.

Plaintiff's second argument rested on the fact that his requests for leave to appeal his contempt sentence to the Tennessee Court of Appeals and the Tennessee Supreme Court had been denied. This, he contended, should surely constitute the kind of "extraordinary circumstances" contemplated by *Younger.* The Sixth Circuit, however, held that it did not. The court noted that plaintiff's request for interlocutory appeal may have been denied by the appellate courts on procedural, rather than substantive, grounds. Thus, the state courts may not have had an adequate opportunity to consider plaintiff's claim on its merits.

■ Given this interpretation of the "extraordinary circumstances" exception, this Court must reconsider its previous decision that it would not abstain. As previously explained, that decision rested on the Court's recognition that the Supreme Court of Michigan decided in 1976 that a parent cited with civil contempt for non-support had no right to counsel. *Sword v. Sword,* 399 Mich. 367, 249 N.W.2d 88 (1976). Like the Tennessee case to which plaintiff Sevier referred, *Sword* was decided prior to the Supreme Court's *Lassiter* decision and the Sixth Circuit's *Parker* decision. Also similar to the facts the Court deemed important in *Sevier,* case law from the Michigan appellate courts suggests that, once an absolute right to counsel is recognized, those courts would overturn a finding of civil contempt if the parent has not been afforded the opportunity to be represented by counsel at his or her contempt hearing. *See Gonzalez v. Gonzalez,* 121 Mich.App. 289, 291, 328 N.W.2d 365, 366 (1982). Thus, under *Sevier,* this Court cannot assume that, simply because of the existence of the *Sword* case, an appeal to the state appellate courts would be unavailing. Instead, the Court must assume that, if a similar case was presented to the Michigan Supreme Court today, the result could be different.

In this regard, the Court notes further a change that has occurred since its previous ruling that makes it likely that the Michigan Supreme Court may not feel bound by *Sword* when a similar case arises. In *Sword,* the plaintiff was held in contempt under section 552.201 of Michigan Com-

piled Laws. *See* Mich.Comp.Laws Ann. § 552.201 (West 1967). That statutory provision was repealed shortly after this Court's previous ruling. It was replaced by provisions of the "Support and Visitation Enforcement Act" which was passed in 1982 and became effective July 1, 1983. *See* Mich.Comp.Laws Ann. §§ 552.633, 552.635, 552.637 (West Supp.1985). Because the statutory framework has changed since *Sword* was decided, the Michigan appellate courts may no longer feel bound by that decision.

Further, the fact that plaintiffs did not attempt an appeal within the Michigan state courts suggests that abstention is appropriate. Unlike *Sevier*, there is no evidence in this case that any plaintiffs have attempted to appeal their contempt citations through the state appellate court system. In *Sevier*, the court found that "extraordinary circumstances" did not exist when plaintiff appealed but was not heard on the merits. It is difficult for this Court to rule that "extraordinary circumstances" are presented by this case, when no state appeals were sought.

In summary, this Court is unable to conclude that the facts of this case are any more "extraordinary" than the facts of *Sevier*. If anything, because plaintiffs did not even attempt a state appeal, they are less compelling. Accordingly, *Sevier* directs this Court to abstain from reaching the merits of this case.

Admittedly, the result reached here seems a harsh one. Plaintiffs are in federal court asking for relief because they have been denied the right to the assistance of counsel before being incarcerated on contempt charges. This federal court refuses to hear their claim telling them instead that, despite the fact that they cannot afford representation, they must appeal their case through the state appellate courts. ▆ Yet the result the Court reaches is required if the federal courts are to honor the principles of comity and federalism that underlie the *Younger* doctrine. Under that doctrine, the federal courts are not to interfere with state court processes unless the state appellate courts have exhibited an unwillingness to enforce plaintiff's federal constitutional rights. *Sevier*, 742 F.2d at 271; *Parker*, 626 F.2d at 10. This Court can only assume that the Michigan courts will correctly apply the constitutional principles set forth in *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), if plaintiffs appeal their claims in those courts. Especially in a case like this, where plaintiffs ask a federal court to grant equitable relief that will affect the day-to-day conduct of state trial courts and possibly require ongoing supervision of state trial court judges, a federal court should not interfere when less intrusive avenues of relief are available. *Parker*, 626 F.2d at 7, 8. Plaintiffs have not carried their burden of proving that the state appellate process will not provide such an avenue in this case. Accordingly, the Court hereby grants defendants' motion to dismiss.