## Francis v. Francis
*[Cite as 6 AOA 68]*

*Case No. 1925*
*Lawrence County, (4th)*
*Decided August 8, 1990*

*A. Jessica Forman, Southeastern Ohio Legal Services, Portsmouth, Ohio, for Appellant.*

*J.B. Collier, Jr., Ironton, Ohio, for Appellee.*

HARSHA, J.

This matter is before us on appeal from the judgment of the Lawrence County Court of Common Pleas holding appellant in contempt for failure to pay child support and sentencing him to thirty days in the county jail.

On April 12, 1989, appellee filed a motion for appellant to appear and show cause why he should not be cited for contempt for failure to pay child support as previously ordered by the trial court. On that same date, the court issued an entry ordering appellant to appear for a "show cause" hearing on June 14, 1989.

The June 14 hearing was continued at the request of appellant due to illness. The matter was rescheduled for July 12, 1989. Appellant appeared at the July 12 hearing. He testified that he had not been working nor was he then working. As a result, appellant testified that he was unable to pay child support nor could he afford to hire counsel. Appellee presented no witnesses. Appellee's counsel stated that appellant was in arrears on his child support obligations and requested that sanctions be issued against appellant. The court found appellant to be in contempt, issued a "seek work" order and scheduled a sentencing hearing for July 19, 1989.

The hearing was not held until September 27, 1989. On September 26, 1989, appellant filed a motion requesting the court to appoint counsel to represent him in the pending matter. Appellant also filed an affidavit of indigency. The matter proceeded to sentencing on September 27, 1989. The trial court did not rule on appellant's request for appointment of counsel. Appellant again stated that he was not able to pay because he was not working, had not worked in six years and was under a physician's care. The court then sentenced appellant to thirty days in jail, and ordered him to pay $30 per week child support, and to remain current. The court again issued a "seek work" order.

On September 29, 1989, appellant filed a notice of appeal and requested a stay of execution of judgment. Appellant was released from jail on his own recognizance.

Appellee chose not to oppose appellant's appeal in light of the fact that in a subsequent "show cause" hearing, the trial court suspended appellant's child support obligation until appellant was able to find work and could be gainfully employed. Francis's appeal of the trial court's contempt sentence of September 29, 1989 is still reviewable, notwithstanding the court's subsequent holding. *State, ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St. 3d 165.

Appellant's first assignment of error states: "I. THE TRIAL COURT'S FAILURE TO ISSUE THE STATUTORILY REQUIRED SUMMONS WAS IMPROPER AS A MATTER OF LAW AND RENDERED ITS SUBSEQUENT

PROCEEDING AGAINST APPELLANT VOID
*AB INITIO."*

Appellant argues that the trial court failed to provide appellant with due process of law since it failed to give appellant adequate notice as to the nature and consequence of the action pending against him. Notice and hearing or an opportunity to be heard are essential elements of due process of law. *State v. Edwards* (1952), 157 Ohio St. 175; *State, ex rel. Allstate Ins. Co. v. Bowen* (1936), 130 Ohio St. 347. The notice essential to due process of law is "reasonable notice." *New York Cent. R. Co. v. Public Utilities Com.* (1952), 157 Ohio St. 257.

The right to notice and hearing is freely accorded by statutes and other legislative acts. In this instance, the state legislature enacted R.C. 2705.031(C) which specifically details the nature of the notice which appellant is entitled to receive. The statute states in pertinent part:

"(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. *The summons shall include all of the following:*

"'(1) Notice that failure to appear may result in the issuance of an order of arrest and in the issuance of an order for the payment of support by withholding an amount from the personal earnings of the accused or by withholding or deducting an amount from some other asset of the accused;

"'(2) Notice that the accused has a right to counsel and that, if the accused believes that he is indigent, the accused must apply for a public defender or court-appointed counsel within three business days after receipt of the summons;

"'(3) Notice that the court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender;

"'(4) Notice of the potential sentence that could be imposed upon the accused, if the accused is found guilty of contempt for failure to pay support.'" (Emphasis added.)

The record clearly shows that the trial court never issued a summons to be served upon appellant which complied with R.C. 2705.031(C). The only notice afforded appellant was a copy of the trial court's entry filed April 12, 1989 ordering appellant to appear and show cause why he should not be held in contempt for failure to pay child support as previously ordered. The entry was insufficient in that it did not advise appellant that failure to appear for the hearing could result in his arrest; that he has a right to counsel and that if he believes he is indigent, that he may apply for court-appointed counsel within three business days of receiving the summons; and that a sentence could be imposed upon him if he is found to be in contempt.

Since the legislature has mandated specific notice requirements, the courts are required to substantially comply with the statute. Here, the record is devoid of the required notice, thereby resulting in a deprivation of due process. The subsequent contempt proceedings are null and void. Appellant's first assignment of error is sustained.

Appellant's second and third assignments of error will be addressed together. Appellant asserts:

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED THE DUE PROCESS CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BY FAILING TO RULE ON APPELLANT'S MOTION TO APPOINT COUNSEL.

"III. THE TRIAL COURT DENIED APPEL-LATE (sic) DUE PROCESS AND EQUAL PRO-TECTION OF THE LAW BY FAILING TO ADVISE HIM OF HIS RIGHT TO COUNSEL AND TO PROVIDE COUNSEL IF HE WERE INDIGENT.

"A. THE UNITED STATES CONSTITUTION REQUIRES THAT AN INDIGENT DE-FENDANT BE AFFORDED THE RIGHT TO APPOINTED COUNSEL IN ANY PROCEED-ING WHICH COULD RESULT IN INCARCERATION.

"B. THE SUPREME COURT'S DECISION THAT INDIGENT DEFENDANTS ACCUSED OF CONTEMPT FOR NON-PAYMENT OF CHILD SUPPORT ARE NOT ENTITLED TO COURT-APPOINTED COUNSEL IS WRONG AS A MATTER OF FEDERAL CONSTITU-TIONAL LAW, AND HAS BEEN OVER-RULED BY SUBSEQUENT U.S. SUPREME COURT DECISIONS.

"C. THE LOWER COURT REFUSED TO APPOINT COUNSEL FOR ERNEST FRAN-

CIS IN SPITE OF KNOWLEDGE THAT MR. FRANCIS WAS INDIGENT AND UNABLE TO AFFORD AN ATTORNEY.
"D. THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY FAILING TO FOLLOW THE REQUIREMENT OF REVISED CODE CHAPTER 2705."

Appellant filed a motion for appointment of counsel and an affidavit of indigency on September 26, 1989. The trial court held the sentencing hearing on September 27, 1989 without specifically addressing appellant's motion for appointment of counsel. By failing to rule on the motion, appellant argues that the court denied him due process and a fair hearing on all issues.

Refusal to rule on the motion resulted in the trial court denying appellant's motion for appointment of counsel. When a court fails to rule on an objection or a motion, it will be presumed that it overruled the objection or the motion. *Kane v. Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 112; *Solon v. Solon Baptist Temple* (1982), 8 Ohio App. 3d 347. Appellant's right to due process of law was not violated by the court's omission to render a specific holding since the failure to act is presumed to be a rejection of appellant's motion. The primary issue here is whether the trial court violated appellant's right to due process by not advising appellant of his right to appointment of counsel should he be found indigent and by not appointing counsel for appellant when uncontested evidence demonstrates that appellant is indigent. These are the fundamental issues set forth in appellant's third assignment of error.

The record is clear. The trial court never advised appellant of his right to appointed counsel, if indigent, either in the form of a summons as mandated by R.C. 2705.031(C) or orally at the time of the "show cause" hearing. The record is equally clear that appellant advised the court at the initial hearing that he did not have funds to afford legal representation. The trial court did not inquire further into appellant's financial condition to determine whether he was eligible for court-appointed counsel nor did the court advise appellant of his right to such counsel. The trial court merely proceeded with the hearing. Appellant finally filed a written request for appointment of counsel on September 26, one day before his sentencing hearing. Even though the request was not made in a timely fashion as required by R.C. 2705.031(C), appellant should not be precluded from pursuing this issue on the basis of the three day time limit in light of the fact that appellant was never given notice of that right.

We note that the Ohio Supreme Court, in *re Calhoun* (1976), 47 Ohio St. 2d 15, held that indigent defendants accused of contempt for nonpayment of child support are not entitled to appointed counsel. In its opinion, the supreme court distinguished *Argersinger v. Hamlin* (1972), 407 U.S. 25 which held that the state must furnish counsel to an indigent defendant in a petty criminal prosecution, pursuant to the Sixth Amendment guarantee of assistance of counsel in all criminal prosecutions. The court held that *Argersinger* was inapplicable since contempt proceedings are regarded as civil in nature. The *Calhoun* court also distinguished *Argersinger* on the basis that the prosecution invoked "the inordinately unbalanced power of the state's prosecutorial forces and resources versus an indigent criminal defendant ***." *Id.* at 17. Yet, in *Calhoun,* the court did not find the same oppressive prosecution "where appellant was summoned before the court *sua sponte* to explain why he had not contributed to the support of his children for several years, and the 'adverse' party, the mother of the children, was not represented by counsel." *Id.* We hold that factually and legally *Calhoun* is not the controlling law in this case.

Factually, this case involves a criminal contempt proceeding for appellant's inability to pay child support. The plaintiff is appellant's former wife, Connie Simpson; however, her interest is being represented by counsel for the Lawrence County Child Support Enforcement Agency. Appellant, alleging indigency, was not afforded the opportunity to enlist the aid of court-appointed counsel. Therefore, factually this case is in line with *Argersinger* in that the indigent, unrepresented appellant is faced with "the inordinately unbalanced power of the state's prosecutorial forces."

Legally, *Calhoun* has been overturned by the United States Supreme Court as well as by the Ohio legislature. In *Lassiter v. Dept. of Social Services* (1981), 452 U.S. 18, 26-27, the Supreme Court stated:

"The Court's precedent speaks with one voice about what "fundamental fairness" has meant when the Court has considered the right to appoint counsel, and we thus draw from them the presumption that the indigent litigant has a right to counsel only when, if he loses, he may be deprived of his physical liberty. It is against this

presumption that all the other elements in the due process decision must be measured."

In reaching this conclusion, the *Lassiter* court determined that a defendant's interest in personal liberty and the potential for erroneous deprivation of liberty weighs in favor of appointing counsel for indigent defendants. The Hamilton County Court of Appeals has held that the denial of court-appointed counsel to an indigent defendant in a contempt action constitutes reversible error. *Schock v. Sheppard* (1982), 7 Ohio App. 3d 45. Finally, the state legislature in 1988, adopted R.C. 2705.031 which requires notice in the summons that an accused is entitled to request counsel if he believes that he is indigent and cannot afford legal representation.

We hold that the trial court's failure to advise appellant of his right to counsel if he is indigent deprived appellant of his constitutional right to due process. Competent, credible evidence was presented by appellant to at least require the court to conduct a cursory hearing on appellant's financial status to determine whether he qualified for appointed counsel. Appellant's second and third assignments of error are sustained.

Appellant's fourth and fifth assignments of error, as set forth below, will be addressed together:

"IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION, IN THAT, IN THE PROCEEDINGS BELOW THE TRIAL COURT:

"A. DID NOT REQUIRE THE MOVING PARTY TO PRESENT ADMISSIBLE EVIDENCE BEFORE FINDING THE APPELLANT IN CRIMINAL CONTEMPT;

"B. THE TRIAL COURT DID NOT ADVISE APPELLANT OF HIS RIGHTS, UNDER THE 5TH AMENDMENT, AGAINST SELF-INCRIMINATION, AND VIOLATED APPELLANTS (sic) RIGHTS IN THE PROCEDURES THAT FOUND APPELLANT IN CRIMINAL CONTEMPT:

"1. THE PROCEEDINGS IN THE TRIAL COURT WERE CRIMINAL PROCEEDINGS.

"2. THE TRIAL COURT ERRED BY FAILING TO PROVIDE APPELLANT WITH THE DUE PROCESS PROTECTION WHICH ATTACH TO CRIMINAL PROCEEDINGS.

"C. THE TRIAL COURT DID NOT REQUIRE THE MOVING PARTY TO SATISFY ITS ULTIMATE BURDEN OF PROOF BEYOND A REASONABLE DOUBT ON THE ISSUE OF ABILITY TO COMPLY WITH THE ORDER BEFORE FINDING APPELLANT IN CRIMINAL CONTEMPT;

"D. THE TRIAL COURT DID NOT EXPRESSLY DETERMINE THAT APPELLANT HAD THE ABILITY TO COMPLY WITH THE ORDER AT ISSUE, BEFORE FINDING APPELLANT IN CRIMINAL CONTEMPT;

"V. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT WHEN SUCH A FINDING WAS CLEARLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

R.C. 2705.05(A) provides that in all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any testimony or answer offered by the accused. Procedural due process requires that the accused shall have a reasonable opportunity to meet the charges against him by way of defense or explanation and have a chance to testify and call other witnesses in his behalf. *In re Green* (1962), 369 U.S. 689; *In re Oliver* (1948), 333 U.S. 257.

The transcript of the contempt hearing discloses that appellant was permitted to testify as to his lack of employment, limited source of income from ADC, his health problems and his marital status. The trial court did not limit appellant's opportunity to testify in defense or in explanation of why he was delinquent in his child support; however, appellant was not given the opportunity to seek and enlist the aid of court-appointed counsel. Therefore, even though appellant was given a hearing to answer the charges and present a defense, he was denied the aid of court-appointed counsel, and the threshold requirements of the statute and constitutional due process were not met.

The trial court further erred in finding appellant in contempt when appellant has presented the defense of a good faith inability to comply with the order. The burden is on the accused to come forward and present answer or defense for why he should not be held in contempt for failure to pay child support. Appellant presented testimony that he had not worked for six years and was under a physician's care. Appellee never placed any evidence on the record

to refute appellant's claim of inability to pay. "As a general rule, the inability of the contemnor to comply with a judgment or order, without fault on his part, is a good defense in a contempt proceeding for disobedience." *Watts v. Thacker* (Dec. 9, 1981), Lawrence App. No. 1517, unreported, at 3. Where the record shows that the contemnor was unable to comply with the court's child support order, without fault on his part, and the moving party fails to offer any evidence that the contemnor had the ability to pay the support order or that he intentionally violated the same, the trial court's finding of contempt is unsupported by the record. *Id.*

In this instance, the moving party did not present evidence to refute appellant's inability to pay the support order or to demonstrate that appellant was willfully violating the court order. In rendering its finding of contempt against appellant, the trial court failed to make a specific finding that appellant was able to comply with the child support order. The trial court's finding of contempt is not supported by the evidence. Appellant's fourth and fifth assignments of error are sustained.

STEPHENSON, J., concurs in judgment and opinion.

ABELE P.J., concurs in judgment and opinion.