OPINION
Appellant Celeste Renshaw appeals the decision of the Guernsey County Court of Common Pleas that denied her request to appoint counsel on her behalf to represent her at a contempt hearing. The following facts give rise to this appeal. In January 1996, the Guernsey County Child Support Enforcement Agency ("CSEA") filed a motion for contempt against appellant. The motion alleged that appellant failed to pay child support, to seek work, and to notify CSEA of her employment status in violation of a court order issued on April 10, 1995. The trial court conducted a hearing in this matter on March 20, 1996. Appellant failed to appear at this hearing and the trial court issued a capias for her arrest. Appellant was eventually arrested on the capias and appeared before a magistrate, for a bond hearing, on August 2, 1999. At this hearing, appellant requested court-appointed counsel and completed the Financial Disclosure/Affidavit of Indigency form required by the Ohio Public Defender's Office and the trial court. Appellant informed the trial court that she lived in a household of three people and that the total monthly income was $1,260 per month, which included $200 in food stamps. Appellant's only asset was a 1991 Oldsmobile Cutlass. At a hearing on August 25, 1999, appellant inquired about her application for court-appointed counsel. The magistrate informed appellant that she did not qualify. Subsequently, appellant informed the trial court that her income had decreased to $1,050 per month. Despite this new financial information, the trial court overruled appellant's request for appointed counsel. After hearing the evidence in this matter, the magistrate found appellant in contempt of court, sentenced her to thirty days in jail, and suspended her jail time if she started making her required child support payments. On September 10, 1999, appellant filed objections to the magistrate's decision on the basis that she was entitled to court-appointed counsel to represent her at the contempt hearing. The trial court overruled appellant's objections on January 7, 2000. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO HOLD THAT THE APPELLANT WAS ENTITLED TO COURT-APPOINTED COUNSEL PURSUANT TO OHIO REVISED CODE 120.03 AND THE OHIO ADMINISTRATIVE CODE SECTION 120-1-03.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND APPELLANT ENTITLED TO APPOINTED COUNSEL OR VACATING THE MAGISTRATE'S DECISION ACCORDINGLY.
 I
Appellant maintains, in her First Assignment of Error, that she is entitled to court-appointed counsel pursuant to the Revised Code and the Ohio Administrative Code. We disagree. In support of her assignment of error, appellant set forth two arguments. First, appellant maintains that she was entitled to court-appointed counsel because the nature of the case is one that could include the deprivation of physical liberty. Second, appellant claims she was eligible for court-appointed counsel under the current financial guidelines. We will not reverse the trial court's decision, concerning appellant's right to court-appointed counsel, absent an abuse of discretion. See State v. Weaver (1988),38 Ohio St.3d 160, syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's two assignments of error. First, we must consider whether the nature of this case, a civil contempt proceeding with the possibility of jail time, requires appointment of counsel for an indigent defendant. In the past, this court has answered this question in the negative. See Fisher v. B B Enterprises, et al. (May 5, 1993), Morgan App. No. CA-92-1, unreported, at 2; Recco v. Recco (Apr. 20, 1992), Tuscarawas App. No. 91AP100075, unreported, at 1; and Beal v. Beal (Apr. 3, 1984), Richland App. No. CA 2182, unreported, at 2. We based these decisions on the Ohio Supreme Court's decision in In Re: Calhoun (1976), 47 Ohio St.2d 15. In Calhoun, the Court held that in a civil contempt proceeding, there is no right to appointed counsel. At this time, we find it necessary to further define when, in a civil contempt proceeding, an indigent defendant is entitled to court-appointed counsel. We begin by noting that other appellate districts in the State of Ohio have found that the case of Lassiter v. Dept. of Social Services (1981), 452 U.S. 18 overruled the Ohio Supreme Court's decision in Calhoun. The Lassiter decision addressed an indigent mother's right to court-appointed counsel in a permanent custody hearing. The Court held in Lassiter as follows: In sum, the Court's precedents speak with one voice about what `fundamental fairness' has meant when the Court has considered the right to appointed counsel, and we thus draw from them the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty. Id. at 26-27.
In reaching this conclusion, the Court, in Lassiter, reviewed previous Supreme Court decisions addressing an indigent's right to counsel. Specifically, the Court reviewed the case of Argersinger v. Hamlin (1972), 407 U.S. 25, which held that counsel must be provided before any indigent defendant may be sentenced to prison, even where the crime is petty and the prison term brief. The Court also reviewed the case of Scott v. Illinois (1979), 440 U.S. 367. In Scott, the Court interpreted "* * * the `central premise of Argersinger' to be `that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment,' and the Court endorsed that premise as `eminently sound and warrant[ing] adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.'" Lassiter, supra, at 26, citing Scott at 373. Based on our reading of Lassiter, we do not find that it specifically overruled the Ohio Supreme Court's decision in Calhoun. Although other appellate districts have reached this conclusion based on their interpretation of Lassiter, we find that the decision in Lassiter merely modified the Ohio Supreme Court's decision in Calhoun. The Supreme Court recognized, in Lassiter, by referring to its decision in Scott, that it has refused to extend the right to court-appointed counsel to include prosecutions which, though criminal, do not result in the defendant's loss of personal liberty. Lassiter, supra, at 26. Thus, we find that actual imprisonment remains the line defining the constitutional right to appointment of counsel. In the case sub judice, although the trial court sentenced appellant to thirty days in jail, the trial court suspended the sentence on the condition that appellant begin paying her court ordered child support. Provided that appellant complies with the trial court's order, she never will be deprived of her physical liberty by imprisonment. However, if appellant fails to comply with the trial court's order, she would be required to appear for a show cause hearing at which she would face the possibility of jail time. We find that at the point appellant would face the possibility of jail time at a show cause hearing, due to her failure to comply with the order of the trial court, appellant would be entitled to court-appointed counsel provided she qualifies under the financial guidelines. Appellant's First Assignment of Error is overruled. We will not address appellant's Second Assignment of Error as it is moot based on our disposition of appellant's First Assignment of Error. For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.