OPINION
{¶ 1} Appellant Lester E. Murphy appeals the decision of the Ashland County Court of Common Pleas that denied his request to appoint counsel on his behalf to represent him on an appeal from the trial court's finding of contempt. The following facts give rise to this appeal.
 {¶ 2} In August 2003, the Ashland County Child Support Enforcement Agency ("CSEA") filed a motion for contempt against appellant. The motion alleged that appellant failed to pay child support, to seek work, and to notify CSEA of his employment status in violation of a court order journalized on June 6, 2003. The trial court, by Judgment Entry filed October 14, 2003, found the appellant to be indigent and pursuant to R.C. 2705.031
appointed counsel to represent him at the hearing on the show cause motion. After hearing the evidence in this matter, the magistrate found appellant in contempt of court, sentenced him to thirty days in jail, and suspended his jail time if he started making his required child support payments and continued to abide by the court's orders for a period of one year.
 {¶ 3} On December 23, 2003, appellant filed objections to the magistrate's decision on the basis that he cannot read nor write, does not have a driver license nor does he have any income. Also on that date, appellant requested a transcript of the hearing held before the Magistrate. On January 5, 2004, the trial court notified counsel that the court would provide the electronic disc record of the hearing to counsel in lieu of a typewritten transcript. The court instructed counsel to reference in the record where the alleged errors occurred and the court would thereafter independently review those portions of the record.
 {¶ 4} The trial court overruled appellant's objections on April 28, 2004. The court noted that appellant did not supplement his objections with any reference to the electronic record. On May 14, 2004 appellant filed a motion to appoint counsel to represent him on appeal from the trial court's April 28, 2004 judgment finding him in contempt. On June 7, 2004 the trial court denied appellant's request to appoint appellate counsel. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "The trial court erred in refusing to appoint counsel for appeal after a contempt finding where the trial court did not prepare a transcript for the judge to review a magistrate's decision."
 {¶ 6} In his sole assignment of error appellant maintains that the trial court erred by not appointing him counsel to appeal the court's finding him in contempt for violating orders regarding child support.
 {¶ 7} We will not reverse the trial court's decision, concerning appellant's right to court-appointed counsel, absent an abuse of discretion. See State v. Weaver (1988),38 Ohio St.3d 160, syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's assignment of error. First, we must consider whether the nature of this case, a civil contempt proceeding with the possibility of jail time, requires appointment of counsel for an indigent defendant. In the past, this court has answered this question in the negative. See Fisher v. B B Enterprises, et al. (May 5, 1993), Morgan App. No. CA-92-1, unreported, at 2; Recco v.Recco (Apr. 20, 1992), Tuscarawas App. No. 91AP100075, unreported, at 1; and Beal v. Beal (Apr. 3, 1984), Richland App. No. CA 2182, unreported, at 2. We based these decisions on the Ohio Supreme Court's decision in In Re: Calhoun (1976),47 Ohio St.2d 15. In Calhoun, the Court held that in a civil contempt proceeding, there is no right to appointed counsel.
 {¶ 8} The Lassiter decision addressed an indigent mother's right to courtappointed counsel in a permanent custody hearing. The Court held in Lassiter as follows: "In sum, the Court's precedents speak with one voice about what `fundamental fairness' has meant when the Court has considered the right to appointed counsel, and we thus draw from them the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty". Id. at 26-27.
 {¶ 9} In reaching this conclusion, the Court, in Lassiter,
reviewed previous Supreme Court decisions addressing an indigent's right to counsel. Specifically, the Court reviewed the case of Argersinger v. Hamlin (1972), 407 U.S. 25, which held that counsel must be provided before any indigent defendant may be sentenced to prison, even where the crime is petty and the prison term brief. The Court also reviewed the case of Scott v.Illinois (1979), 440 U.S. 367. In Scott, the Court interpreted "* * * the `central premise of Argersinger' to be `that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment,' and the Court endorsed that premise as `eminently sound and warrant[ing] adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.'" Lassiter, supra, at 26, citingScott at 373.
 {¶ 10} Two years after the Ohio Supreme Court's decision inCalhoun, supra, the state legislature in 1988, adopted R.C.2705.031 which requires notice in the summons that an accused is entitled to request counsel if he believes that he is indigent and cannot afford legal representation. Francis v. Francis
(Aug. 8, 1990), 4th Dist. No. 1925. R.C. 2705.031 states in relevant part "(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following . . . (2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons . . ." Accordingly, the State Legislature has mandated the appointment of counsel for indigent defendants in contempt proceedings.
 {¶ 11} The majority of court's have held that an indigent defendant in a nonsupport proceeding may not be incarcerated if he has not been provided counsel. "Our review indicates that every federal circuit court of appeals confronting the issue now before us has concluded that the Due Process Clause of the Fourteenth Amendment at least requires that an indigent defendant in a nonsupport proceeding may not be incarcerated if he has been denied the assistance of counsel. Sevier v. Turner,742 F.2d 262 (CA 6, 1984) (en banc); Walker v. McLain, 768 F.2d 1181 (CA 10, 1985); Ridgway v. Baker, 720 F.2d 1409 (CA 5, 1983);Henkel v. Bradshaw, 483 F.2d 1386 (CA 9, 1973) (in dicta). See also Nordgren v. Mitchell, 716 F.2d 1335 (CA 10, 1983) (a paternity action) . . . We note also that the federal district courts uniformly have reached a similar result. McKinstry v.Genesee Co. Circuit Judges, 669 F.Supp. 801 (E.D.Mich. 1987);Johnson v. Zurz, 596 F.Supp. 39 (N.D.Ohio, 1984); Lake v.Speziale, 580 F.Supp. 1318 (D.Conn. 1984); Young v. Whitworth,522 F.Supp. 759 (S.D.Ohio, 1981); Mastin v. Fellerhoff,526 F.Supp. 969 (S.D.Ohio, 1981). See also Cobb v. Green,574 F.Supp. 256 (W.D.Mich. 1983), vacated on grounds of abstention,611 F.Supp. 873 (W.D.Mich. 1985)." Mead v. Butcher (1990),435 Mich. 480, 494, 460 N.W.2d 493, 499.
 {¶ 12} The fact that the court has given the indigent defendant an opportunity to purge the contempt has not changed this result. "From time to time it is suggested that the defendant in a civil non-support contempt proceeding has only a conditional liberty interest, akin perhaps to the probationer or parolee in Gagnon[v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656] and Morrissey[v. Brewer (1972),408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484] . The argument goes that because the civil contempt order contains a purge clause, the contemnor holds "the keys to the jailhouse door. . . ." The faulty reasoning behind such an argument, as it applies to an indigent, was well explained in Walker v. McLain (C.A.10, 1985)768 F.2d at 1183 "[i]t is true that defendant's right to appointed counsel diminishes as his interest in personal liberty diminishes. Lassiter, 452 US [at] 26 [101 S.Ct. at 2159] However, petitioner's liberty interest cannot truly be viewed as conditional. If petitioner is truly indigent, his liberty interest is no more conditional than if he were serving a criminal sentence; he does not have the keys to the prison door if he cannot afford the price. The fact that he should not have been jailed if he is truly indigent only highlights the need for counsel, for the assistance of a lawyer would have greatly aided him in establishing his indigency in ensuring that he was not improperly incarcerated. The argument that the petitioner has the keys to the jailhouse door does not apply to diminish petitioner's liberty interest." 768 F.2d at 1184." Mead v.Batchlor, supra, 435 Mich. at 499, 460 N.W.2d at 501-502.
 {¶ 13} The need for counsel is made greater by the complexity of the laws relating to support. "At least when he is faced with the loss of physical liberty, an indigent needs an attorney to advise him about the meaning and requirements of applicable laws and to raise proofs and defenses in his behalf. In addition, since the state's representative at such a hearing is well versed in the laws relating to child support, fundamental fairness requires that the indigent who faces incarceration should also have qualified representation. See Bowerman v. McDonald,431 Mich. 1, 12, 427 N.W.2d 477 (1988)." Mead v. Batchlor, supra,435 Mich. at 501-502, 460 N.W.2d at 502-503.
 {¶ 14} In the case at bar, appellant was found to be indigent and counsel was appointed to represent him in the contempt proceeding. However, when the appellant applied by motion for appointed counsel to perfect an appeal from the court's judgment, the trial court denied his request, stating "Child support proceedings (which is the issue under appeal in this case) are governed by Title 31, not Title 21 of the Ohio Revised Code . . . Accordingly, Defendant is not entitled to court-appointed counsel in this case [pursuant to R.C. 2151.352] and his request for appointed counsel for purposes of appeal is denied." (Judgment Entry, filed June 7, 2004).
 {¶ 15} As the decision of the Magistrate correctly notes, the proceeding from which appellant sought to file an appeal was a finding of contempt pursuant to R.C. 2705.01. (Magistrate's Decision Juvenile Rule 40(E), filed December 11, 2003).
 {¶ 16} Accordingly in accordance with the above-cited rationale because appellant was entitled to appointed counsel at the trial court level, he must be accorded counsel to pursue an appeal as of right.
 {¶ 17} However, in the case at bar, appellant's appeal was filed by the same attorney who had represented him in the trial court. Under the circumstances we find that the trial court's failure to appoint counsel to perfect an appeal to be harmless error because the appeal was filed by counsel.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Ashland County Court of Common Pleas, Juvenile Division, Ohio, is affirmed.
By Gwin, P.J., and Boggins, J., concur Hoffman, J., dissents