OPINION
{¶ 1} This appeal from the Juvenile Division of the Court of Common Pleas of Ashland County involves the denial of a continuance and/or appointment of counsel as to a contempt hearing.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this cause are the parents of one child, born June 26, 1997.
 {¶ 3} The controversy in question began with the filing of a motion by Appellee for definite and certain parenting time.
 {¶ 4} The magistrate granted such motion with Appellant filing objections.
 {¶ 5} An interim order of parenting time was issued pending a ruling on the objections.
 {¶ 6} At the magistrate's hearing, Appellant was represented by appointed counsel due to indigency.
 {¶ 7} Appellant did not comply with the order of parenting time of the child with Appellee who filed a contempt motion.
 {¶ 8} The notice served on Appellant provided:
 {¶ 9} "* * * right to counsel, and that if indigent, [she] must apply for a public defender or court-appointed counsel within 3 business days after receipt of the summons.
 {¶ 10} "* * * The Court may refuse to grant a continuance at the time of the hearing for the purpose of the accused obtaining counsel, if the accused fails to make a good faith effort to retain counsel or to obtain a public defender."
 {¶ 11} No attempt was made by Appellant to obtain counsel until commencement of the hearing even though she had 21 days from service of the hearing notice. Appellant's request for appointed counsel and for a continuance was denied.
 {¶ 12} The court did permit the opportunity to telephone counsel prior to beginning the hearing.
 {¶ 13} At such hearing on the contempt motion, the trial court issued a sentencing order, the applicable portion of which is set forth. This followed a finding that Appellant was guilty of contempt by willful violation of the trial court's order with respect to Appellee's parenting time.
 {¶ 14} "1. The Plaintiff, Dianna S. Burton, shall serve thirty (30) days in the Ashland County Jail.
 {¶ 15} "2. The thirty (30) day jail sentence, ordered above shall be suspended on the condition that the Plaintiff, Dianna S. Burton, purge herself of the contempt which she may do by complying with the following terms and conditions:
 {¶ 16} "A. The Defendant, William C. Hootman, shall have parenting time with the child, Alasandra, in conformity with the Court's last Order in that regard. The alternate weekend parenting time shall commence Friday, April 28, 2006 at 6:00 P.M. The Plaintiff shall do all things necessary to facilitate the parenting time and shall take no actions to prevent nor hinder the exercise of the parenting time.
 {¶ 17} "B. Neither party shall discuss these contempt proceedings in any way with the child.
 {¶ 18} "C. The Defendant, William C. Hootman, shall furnish his current address and phone number to the Plaintiff, which the Court notes Mr. Hootman did in open Court.
 {¶ 19} "D. Both parties remain subject to all other Orders of the Court asset forth in the interim Temporary Order made by the Court.
 {¶ 20} "3. Failure of the Plaintiff, Dianna S. Burton, to comply with the purge conditions as set forth above may result in a finding by the Court that the contempt has not been purged and may result in imposition of the thirty (30) day jail sentence."
 {¶ 21} The Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 22} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO GRANT A CONTINUANCE OR APPOINT COUNSEL FOR AN INDIGENT PERSON FACING A CONTEMPT CHARGE."
 I. {¶ 23} The argument presented as to the Assignment of Error is based on Constitutional issues as to the right to appointed counsel, when indigent, if incarceration or the threat thereof is present.
 {¶ 24} This Court's ruling in In Re: Neff (1969), 20 Ohio App.2d 213, as well as the Ohio Supreme Court's ruling in In Re: Calhoun (1976),47 Ohio St.2d 15 and the effect of Lassiter V. Department of SocialServices of Durham County (1981), 452 U.S. 18, on the Calhoun decision, together with other cases were presented.
 {¶ 25} Unfortunately, Appellee's Brief made no attempt to respond to these Constitutional issues.
 {¶ 26} This Court in Renshaw v. Renshaw (2000), Guernsey App. No. 00CA05, not reported in N.E. 2d, did review such issues and cases.
 {¶ 27} The facts of Renshaw closely parallel that of this case.
 {¶ 28} In Renshaw, we held:
 {¶ 29} "In support of her assignment of error, appellant set forth two arguments. First, appellant maintains that she was entitled to court-appointed counsel because the nature of the case is one that could include the deprivation of physical liberty. Second, appellant claims she was eligible for court-appointed counsel under the current financial guidelines. We will not reverse the trial court's decision, concerning appellant's right to court-appointed counsel, absent an abuse of discretion. See State v. Weaver (1988), 38 Ohio St.3d 160, syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's two assignments of error. First, we must consider whether the nature of this case, a civil contempt proceeding with the possibility of jail time, requires appointment of counsel for an indigent defendant. In the past, this court has answered this question in the negative. See Fisher v. B B Enterprises, et al. (May 5, 1993), Morgan App. No. CA-92-1, unreported, at 2; Recco v. Recco (Apr. 20, 1992), Tuscarawas App. No. 91AP100075, unreported, at 1; and Beal v.Beal (Apr. 3, 1984), Richland App. No. CA 2182, unreported, at 2. We based these decisions on the Ohio Supreme Court's decision in In Re:Calhoun (1976), 47 Ohio St.2d 15. In Calhoun, the Court held that in a civil contempt proceeding, there is no right to appointed counsel. At this time, we find it necessary to further define when, in a civil contempt proceeding, an indigent defendant is entitled to court-appointed counsel. We begin by noting that other appellate districts in the State of Ohio have found that the case of Lassiter v.Dept. of Social Services (1981), 452 U.S. 18 overruled the Ohio Supreme Court's decision in Calhoun. The Lassiter decision addressed an indigent mother's right to court-appointed counsel in a permanent custody hearing. The Court held in Lassiter as follows: In sum, the Court's precedents speak with one voice about what `fundamental fairness' has meant when the Court has considered the right to appointed counsel, and we thus draw from them the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty. Id. at 26-27.
 {¶ 30} "In reaching this conclusion, the Court, in Lassiter, reviewed previous Supreme Court decisions addressing an indigent's right to counsel. Specifically, the Court reviewed the case of Argersinger v.Hamlin (1972), 407 U.S. 25, which held that counsel must be provided before any indigent defendant may be sentenced to prison, even where the crime is petty and the prison term brief. The Court also reviewed the case of Scott v. Illinois (1979), 440 U.S. 367. In Scott, the Court interpreted " * * * the `central premise of Argersinger ` to be `that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment,' and the Court endorsed that premise as `eminently sound and warrant[ing] adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.'"Lassiter, supra, at 26, citing Scott at 373. Based on our reading ofLassiter, we do not find that it specifically overruled the Ohio Supreme Court's decision in Calhoun. Although other appellate districts have reached this conclusion based on their interpretation ofLassiter, we find that the decision in Lassiter merely modified the Ohio Supreme Court's decision in Calhoun. The Supreme Court recognized, inLassiter, by referring to its decision in Scott, that it has refused to extend the right to court-appointed counsel to include prosecutions which, though criminal, do not result in the defendant's loss of personal liberty. Lassiter, supra, at 26. Thus, we find that actual imprisonment remains the line defining the constitutional right to appointment of counsel. In the case sub judice, although the trial court sentenced appellant to thirty days in jail, the trial court suspended the sentence on the condition that appellant begin paying her court ordered child support. Provided that appellant complies with the trial court's order, she never will be deprived of her physical liberty by imprisonment. However, if appellant fails to comply with the trial court's order, she would be required to appear for a show cause hearing at which she would face the possibility of jail time. We find that at the point appellant would face the possibility of jail time at a show cause hearing, due to her failure to comply with the order of the trial court, appellant would be entitled to court-appointed counsel provided she qualifies under the financial guidelines."
 {¶ 31} Subsequent to the Renshaw decision, this Court again reviewed the issue of appointment of counsel to an indigent in Walters v.Murphy (2004), Ashland App. No. 04-COA-044, 2004-Ohio-6456, a case involving non-support issues rather than non-compliance with a court order as here, although the difference in the issue presented is not determinative. This Court in Walters v. Murphy, supra, held:
 {¶ 32} "Two years after the Ohio Supreme Court's decision inCalhoun, supra, the state legislature in 1988, adopted R.C. 2705.031
which requires notice in the summons that an accused is entitled to request counsel if he believes that he is indigent and cannot afford legal representation. Francis v. Francis (Aug. 8, 1990), 4 Dist. No. 1925. R.C. 2705.031 states in relevant part `(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following — (2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons · · · ` Accordingly, the State Legislature has mandated the appointment of counsel for indigent defendants in contempt proceedings.
 {¶ 33} "The majority of court's have held that an indigent defendant in a non-support proceeding may not be incarcerated if he has not been provided counsel. `Our review indicates that every federal circuit court of appeals confronting the issue now before us has concluded that the Due Process Clause of the Fourteenth Amendment at least requires that an indigent defendant in a nonsupport proceeding may not be incarcerated if he has been denied the assistance of counsel. Sevier v. Turner,742 F.2d 262 (C.A.6, 1984) (en banc); Walker v. McLain, 768 F.2d 1181 (C.A.10, 1985); Ridgway v. Baker, 720 F.2d 1409 (C.A.5, 1983); Henkel v.Bradshaw, 483 F.2d 1386 (C.A.9, 1973) (in dicta). See also Nordgren v.Mitchell, 716 F.2d 1335 (C.A.10, 1983) (a paternity action) · · · We note also that the federal district courts uniformly have reached a similar result. McKinstry v. Genesee Co. Circuit Judges, 669 F.Supp. 801
(E.D.Mich.1987); Johnson v. Zurz, 596 F.Supp. 39 (N.D.Ohio, 1984);Lake v. Speziale, 580 F.Supp. 1318 (D.Conn.1984); Young v.Whitworth, 522 F.Supp. 759 (S.D.Ohio, 1981); Mastin v. Fellerhoff,526 F.Supp. 969 (S.D.Ohio, 1981). See also Cobb v. Green, 574 F.Supp. 256
(W.D.Mich.1983), vacated on grounds of abstention, 611 F.Supp. 873
(W.D.Mich.1985).' Mead v. Butcher (1990), 435 Mich. 480, 494,460 N.W.2d 493, 499.
 {¶ 34} "The fact that the court has given the indigent defendant an opportunity to purge the contempt has not changed this result. `From time to time it is suggested that the defendant in a civil non-support contempt proceeding has only a conditional liberty interest, akin perhaps to the probationer or parolee in Gagnon [v. Scarpelli (1973),411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656] and Morrissey [v.Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484]. The argument goes that because the civil contempt order contains a purge clause, the contemnor holds `the keys to the jailhouse door · · · · ` The faulty reasoning behind such an argument, as it applies to an indigent, was well explained in Walker v. McLain (C.A.10, 1985)768 F.2d at 1183 `[i]t is true that defendant's right to appointed counsel diminishes as his interest in personal liberty diminishes.Lassiter, 452 U.S. [at] 26 [101 S.Ct. at 2159] However, petitioner's liberty interest cannot truly be viewed as conditional. If petitioner is truly indigent, his liberty interest is no more conditional than if he were serving a criminal sentence; he does not have the keys to the prison door if he cannot afford the price. The fact that he should not have been jailed if he is truly indigent only highlights the need for counsel, for the assistance of a lawyer would have greatly aided him in establishing his indigency in ensuring that he was not improperly incarcerated. The argument that the petitioner has the keys to the jailhouse door does not apply to diminish petitioner's liberty interest.' 768 F.2d at 1184.' Mead v. Batchlor, supra, 435 Mich. at 499,460 N.W.2d at 501-502.
 {¶ 35} "The need for counsel is made greater by the complexity of the laws relating to support. `At least when he is faced with the loss of physical liberty, an indigent needs an attorney to advise him about the meaning and requirements of applicable laws and to raise proofs and defenses in his behalf. In addition, since the state's representative at such a hearing is well versed in the laws relating to child support, fundamental fairness requires that the indigent who faces incarceration should also have qualified representation. See Bowerman v.McDonald, 431 Mich. 1, 12, 427 N.W.2d 477 (1988).' Mead v.Batchlor, supra, 435 Mich. at 501-502, 460 N.W.2d at 502-503."
 {¶ 36} Based on this further review, we sustain the Assignment of Error relative to the failure to appointment counsel even though Appellant was possibly negligent in failing to seek such appointment.
 {¶ 37} It is unnecessary therefore to consider the failure to grant a continuance, which is also asserted as part of the Assignment of Error.
 {¶ 38} The judgment of the Ashland County Court of Common Pleas contempt in this action is vacated and this cause is remanded for further proceedings consistent herewith.
Boggins, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and remanded. Costs assessed to appellant.