James E. MACDONALD, Jr., for himself, and for all others similarly situated, Plaintiff-Appellant,

v.

The SHAWNEE COUNTRY CLUB, INC., et al., Defendants-Appellees.

No. 20341.

United States Court of Appeals, Sixth Circuit.

Feb. 16, 1971.

Robert W. Lett, Ashland, Ohio, and Ted Boehm, Columbus, Ohio, Naren Biswas, of Boehm, Rance & Biswas, Columbus, Ohio, on the brief, for appellant.

John A. Robenalt, Lima, Ohio, Robenalt, Daley, Balyeat & Balyeat, Lima, Ohio, on the brief, for appellees.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant James E. Macdonald was allegedly expelled from membership in the appellee country club for advocating the suspension of the club's exclusionary policy which denied membership to Jews.[1] Appellant brought action in federal district court for equitable relief and damages. The gist of his complaint is that after he addressed a letter to the President of the Shawnee Country Club indicating his intention to advocate the dropping of the religious bar at a future meeting, he was notified that he had been expelled from membership and that all rights and privileges of membership were denied to him and his family. Appellant asserted that such action by the club is violative of rights secured by the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. The complaint further alleged that appellant was entitled to relief under the Civil Rights Statutes, 42 U.S.C. §§ 1981–1983, 1985–1986, 1988, and under the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. Federal jurisdiction was predicated upon 28 U.S.C. §§ 1331, 1341, 1343, 2201, and upon an implied right of action arising under 18 U.S.C. § 241. In addition, appellant sought to invoke the jurisdiction of a three-judge court under 28 U.S.C. § 2281 and to have his claim treated as a class action. The relief sought included a declaratory judgment, an injunction, and reinstatement of appellant to his membership, as well as money damages and attorneys' fees.

This case is the third such complaint filed by appellant upon substantially the same allegations of fact. The first action, filed in 1967, was dismissed upon motion of the defendants under Rule 12(b) (1) & (6), Fed.R.Civ.P. " * * * without prejudice to any further rights plaintiff may have under the law." Civ. Action No. C 67–90 (N.D.Ohio June 8, 1967). In 1968 the second action was similarly dismissed under Rule 12(b) (1) & (6) and also in accordance with a local rule of the District Court for failure to respond to defendant's motion. Civ.Action No. C 68–52.

In the present case appellees moved again in the District Court to dismiss for lack of jurisdiction under Rule 12(b) (1) and failure to state a claim for which relief could be granted under Rule 12(b) (6). On January 23, 1970 the District Court dismissed the instant action in an opinion which found that the dismissal of the 1968 action was res judicata and further that the complaint failed to state a claim upon which relief could be granted. We affirm the judgment of the District Court on the ground that the complaint fails to state a claim upon which relief can be granted.[2]

■■ Initially we affirm the holding of the District Court that appellant is not entitled to maintain the action as a class action pursuant to Rule 23, Fed.R. Civ.P. The complaint does not allege facts showing or identifying a class hav-

---

1. We construe the complaint as one complaining only of the club's alleged exclusionary policy with respect to religion, although brief references are made in the complaint to the exclusion of Negroes.

2. While the District Court found that the dismissal of the 1968 action would apply as res judicata of the instant action, he also considered and disposed of the complaint on the merits. Since we agree with his dismissal of the complaint for failure to state a valid claim for relief, we find it unnecessary to determine the res judicata issue.

**634**

ing common characteristics with appellant or a class having members who are similarly situated. As found by the court below the appellant is a white Roman Catholic. We also agree that the complaint sets forth no basis for a three-judge court.

For the reasons that the appellant is without standing, that the club of which he was formerly a member is a private club or association, and that the appellant has been deprived of no right or interest under color of state law or by reason of state action, we concur in the finding and holding of the District Judge in dismissing the complaint for failure to state a claim upon which relief may be granted.

Appellant's reliance upon such cases as Jones v. Alfred H. Mayer Company, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1967); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); Bell v. Kenwood Golf & Country Club, Inc., 312 F.Supp. 753 (D.Md.1970); and House v. City of Grenada, 262 F.Supp. 19 (N.D.Miss.1966), is in our opinion misplaced, as these authorities deal with various aspects of racial discrimination and are otherwise factually distinguishable.

Affirmed.