**GEEHRING, Connie D. and Akers, Alberta, Plaintiffs,**

v.

**MUNICIPAL COURT OF GIRARD, Prosecutor of Girard Municipal Court, Defendants.**

**Civ. A. No. C 73–105 Y**

United States District Court, N. D. Ohio, E. D.

March 27, 1973.

---

Thomas P. Lordeon, Mahoning County Legal Asst., Youngstown, Ohio, for plaintiffs.

Emmor F. Snyder, Girard, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

Plaintiffs bring this action for injunctive and declaratory relief invoking the jurisdiction of this Court under Title 28 U.S.C. § 1343(3) and (4), Title 28 U.S. C. §§ 2201 and 2202 and Title 42 U.S.C. § 1983. Plaintiffs seek injunctive and declaratory relief and damages for the abridgement of their right to procedural due process granted and guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

Both plaintiffs Geehring and Akers have been charged by Girard Municipal Court with the violation of Ohio Revised Code § 2907.20, petty larceny of less than $60.00, a misdemeanor which carries the possible sentence of a fine of not more than $300.00 or imprisonment for not more than 90 days, or both. At the time the complaint was filed, plaintiffs had not yet been arraigned in front of the judge of the Girard Municipal Court.

Defendants in their answer to plaintiffs' complaint asserted that plaintiffs had no standing to argue the constitutionality of the procedures of the Girard Municipal Court, as they had not been affected or prejudiced thereby.

Plaintiffs filed their complaint January 30, 1973, which was one day before the arraignment scheduled for them in front of the Girard Municipal Court. On that date this Court issued a temporary restraining order restraining defendants from prosecuting plaintiffs

Geehring and Akers and set the date of February 9, 1973, for a hearing for preliminary injunction. On said date both parties appeared before the Court, and the Court ordered that plaintiffs be arraigned by the Girard Municipal Court within the next five days, and that both parties return on February 16, 1973.

On February 16, 1973, this Court convened and took testimony in the instant action. On said date, Mrs. Akers took the stand and testified that on Tuesday, February 13, 1973, she pled not guilty to the charges against her in the Girard Municipal Court, testified she could not afford an attorney, and requested that the Court appoint an attorney for her. On Thursday, February 15, 1973, the judge in the Girard Municipal Court appointed counselor Nicholas Wellman as the attorney for Mrs. Akers.

Mrs. Geehring also took the stand and testified that she had entered a plea of not guilty in Girard Municipal Court, testified she could not afford an attorney, and that the judge therein found that she was not indigent in that she received $145.00 a month from her husband who was in the Army. The judge of the Girard Municipal Court having found that Mrs. Geehring was not indigent, refused to appoint counsel for her. However, on the same date, Mr. Wellman called Mrs. Geehring and volunteered to represent her for the purpose of the arraignment.

Plaintiffs assert that the facts as outlined above raised a valid issue of the denial to plaintiffs of their right to counsel as guaranteed by the Sixth Amendment as applied through the Fourteenth Amendment due process clause.

The area of right to counsel has been an area of constant and continuous redefinition. The Sixth Amendment provides that:

"In all criminal prosecutions, the accused shall enjoy the right  .  .  . to have the Assistance of Counsel for his defence."

Federal courts have interpreted this to mean that counsel must be appointed for those defendants who are indigent and therefore unable to retain counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In the case of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), the Supreme Court held that the Sixth Amendment right to counsel was "not a fundamental right essential to a fair trial," and, therefore, determined not to apply the Sixth Amendment right to counsel to the states through the Fourteenth Amendment.

However, in the case of Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986 (1948), the Supreme Court redefined its holding in Betts, stating that although right to counsel was not a fundamental right essential to a fair trial, there was a flat requirement of counsel in capital cases. This applied to both federal and state criminal proceedings.

The holding in the *Betts* case was further eroded by later Supreme Court rulings. In the case of Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961), the Supreme Court held that the denial of counsel at the arraignment stage in state court capital offense cases violated the Fourteenth Amendment due process clause. In 1962 the Supreme Court in the case of Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 held that the failure of the Virginia court to appoint counsel in a case involving a defendant charged under a recidivous statute violated the Fourteenth Amendment due process clause.

In 1963 the landmark case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, was brought down by the Supreme Court, overruling the *Betts* case. The Court therein said:

"The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards de-

signed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with a crime has to face his accusers without a lawyer to assist him."

The Court, therefore, held that the Sixth Amendment right to counsel was applicable to state criminal prosecutions through the Fourteenth Amendment due process clause.

Further delineations as to when and what types of cases right to counsel attached have been made since the *Gideon* case. In the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1969), the Supreme Court held that the preliminary hearing was a critical stage in a state criminal prosecution and that right to counsel attached at that particular point in the criminal process. The Court therein said:

"Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution."

In 1972, the Supreme Court came down with a decision of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, wherein they stated:

"The Sixth Amendment which in enumerated situations has been made applicable to the States by reason of the Fourteenth Amendment provides specified standards for 'all criminal prosecutions'."

The Court went on to state:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense whether classified as petty, misdemeanor, or felony unless he was represented by counsel at his trial."

Thus, the Supreme Court has imposed a duty and a responsibility on all courts to insure that justice and fairness exist and has held that the appointment of counsel is a necessity to insure these factors.

■■ The guidelines laid down by the Supreme Court, as outlined by the cases cited above, can lead this Court to no other conclusion than that justice and fairness demand the appointment of counsel to any person found to be indigent if a possibility exists that said person might lose his liberty as a result of his being prosecuted. This right to counsel attaches at every critical stage of the criminal process in all criminal cases and applies to both federal and state criminal processes.

Several other issues were raised at the hearing by plaintiff's counsel in their oral arguments. Plaintiffs submitted an amended complaint purporting to assert a class action on behalf of all indigent persons who have been convicted of criminal misdemeanors in absence of paid, competent, and effective appointed counsel; all defense lawyers who should have been appointed; and all indigents and attorneys who will suffer from said actions in the future. The Court did not accept the amended complaint.

■ The Court finds that plaintiffs are not similarly situated and therefore are not representatives of the class they purport to represent. Rule 23(a) of the F.R.Civ.P. provides that:

"One or more members of a class may sue or be sued as representative parties . . ."

A plaintiff cannot bring an action on behalf of another person unless he is similarly situated. See MacDonald v. Shawnee Country Club, Inc., 438 F.2d 632, cert. den. 403 U.S. 932, 91 S.Ct. 2255, 29 L.Ed.2d 711, reh. den. 404 U.S. 875, 92 S. Ct. 31, 30 L.Ed.2d 121 (C.A. 6, 1971). See also Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Mapp v. Board of Education of the City of Chattanooga, Tenn., 319 F.2d 571 (C. A. 6, 1963). Since counsel has been appointed for plaintiff Akers and since the Girard Municipal Court has determined that plaintiff Geehring is not an indigent and therefore not entitled to the appointment of counsel, both plaintiffs would lack standing to bring a class ac-

tion. Therefore, this Court found that the amended complaint filed by plaintiffs was not well taken and leave to file said complaint was denied.

■ Plaintiffs also make the argument that counsel must be provided payment for their services. To this end they submit the case of Bradshaw v. Ball, Kentucky Court of Appeals, 41 Law Week 2190 [487 S.W.2d 294] (1972). The headnote of that case reads:

> "Kentucky court's appointment of counsel to serve without fee in defense of indigent criminal cases constitutes taking of private property without compensation or due process of law in violation of U. S. and Kentucky Constitutions."

This Court merely states without deciding the issue that court appointed counsel in all criminal cases should be compensated for their time. The Court notes that payment for assigned counsel in felony cases has been provided by Ohio Revised Code § 2941.51. However, there is no statute providing for the payment of counsel in misdemeanor or petty offense cases.

■ Plaintiffs' counsel also raised the issue as to whether or not the Girard Court's determination that Mrs. Geehring was not indigent and thus not entitled to appointment of counsel was proper. This Court wishes to note that the responsibility and duty to determine and establish standards of indigency rests solely with the state courts. Unless a clear showing of abuse of discretion or discrimination amounting to constitutional dimensions is illustrated, this court is without authority to overturn such a ruling.

This Court concludes that all defendants in state criminal prosecutions, including plaintiffs in the instant action, are entitled to counsel at every critical stage of their prosecution. If a defendant claims to be indigent and the state court so finds, he shall be entitled to have counsel appointed for him.

However, since the Girard Municipal Court has appointed counsel for plaintiff Akers, this court finds that said plaintiff's action against both defendants to be moot.

Further, since the Girard Municipal Court has found plaintiff Geehring not to be indigent, this court finds said plaintiff's action against both defendants is also moot.

Therefore, this cause, having been found moot, is hereby dismissed.

It is so ordered.