THE STATE OF OHIO, APPELLEE, *v.* WEAVER, APPELLANT.

CITY OF HUBER HEIGHTS, APPELLEE, *v.* WEAVER, APPELLANT.

[Cite as State *v.* Weaver (1988), 38 Ohio St. 3d 160.]

(Nos. 87-1234 and 87-1235—Submitted April 12, 1988—
Decided August 10, 1988.)

*J. Anthony Sawyer,* director of law, *Vincent P. Popp,* city prosecutor, and *John J. Scaccia,* for appellee state of Ohio.

*Altick & Corwin* and *Robert B. Berner,* for appellee city of Huber Heights.

*Randall M. Dana,* public defender, and *Wendie A. Gerus,* for appellant.

*Calfee, Halter & Griswold, John E. Gotherman* and *Stanley J. Dobrowski,* urging affirmance for *amicus curiae,* Ohio Municipal League.

SWEENEY, J. It is the contention of appellees that an indigent criminal defendant is not constitutionally entitled to have appellate counsel appointed on his behalf where his conviction does

not result in actual incarceration. We need not address this issue however because it is our conclusion that the court of appeals was correct in determining that appellant was not, in fact, indigent.

R.C. 120.05 governs the process by which indigency is established and representation by the public defender is authorized. It provides in relevant part:

"(A) The determination of indigency shall be made by the state public defender, *subject to review by the court.* * * *

"(B) The state public defender shall investigate the financial status of each person to be represented, at the earliest time the circumstances permit, and may require the person represented to disclose the records of public or private income sources and property, otherwise confidential, which may be of aid in determining indigency. * * * *The court, before whom a person seeking representation is taken, may determine the person's eligibility for legal representation by the state public defender.*" (Emphasis added.)

R.C. 120.05 makes no distinction between trial and appellate courts. The general nature of the statute must be presumed to confer upon appellate courts the same power to ascertain the indigency of persons appearing before them as enjoyed by trial courts. Inasmuch as this power is coextensive with that possessed by a trial court, its exercise must be evaluated by the same standard applicable thereto. While this court has not previously addressed the standard of review to be applied to an indigency determination, at least one other court in this jurisdiction addressed the deference to be afforded such decision. In *Geehring* v. *Municipal Court of Girard* (N.D. Ohio 1973), 357 F. Supp. 79, 83, the federal district court observed:

"* * * Unless a clear showing of abuse of discretion or discrimination amounting to constitutional dimensions is illustrated, this court is without authority to overturn such a ruling."

While this result was, in part, dictated by concern over the respective roles of the state and federal judiciary, it is also consistent with the considerable latitude afforded courts vested with such authority. Other jurisdictions are in accord with this view. See *Glenn* v. *United States* (C.A. 5, 1962), 303 F. 2d 536, 542; *Bramlett* v. *Peterson* (M.D. Fla. 1969), 307 F. Supp. 1311, 1323; *Wiggington* v. *Wiggington* (1972), 16 Md. App. 329, 338, 295 A. 2d 889, 894.

Accordingly, we hold that the determination of an appellate court pursuant to R.C. 120.05 that a person is not indigent and thus not entitled to legal representation by the state public defender on appeal will not be reversed absent an abuse of discretion.

In *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292, 295, 18 OBR 342, 344, 480 N.E. 2d 1112, 1114, this court, quoting *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142, observed:

" ' "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." ' " See, also, *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149.

Applying this standard to the case *sub judice,* it is beyond dispute that the refusal of the court of appeals to appoint a public defender to represent appellant in the prosecution of his appeals was not an abuse of discretion. Appellant has not supported his claim that he is unable to afford private

counsel. Moreover, both the Office of the Ohio Public Defender and the Dayton Municipal Court had previously determined that appellant was not indigent. While these prior decisions are not dispositive, they certainly give credence to the appellate court's actions.

We therefore affirm the decisions of the court of appeals and remand the cases to that court for proceedings not inconsistent with this opinion.

*Judgments affirmed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.