**The STATE of Ohio, Appellee,**

v.

**CAULLEY, Appellant.**

[Cite as *State v. Caulley* (1999), 132 Ohio App.3d 706.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–74.

Decided Sept. 9, 1999.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, *Joyce S. Anderson* and *Thomas K. Lindsey,* Assistant Prosecuting Attorneys, for appellee.

*James D. Owen,* for appellant.

LAZARUS, Presiding Judge.

Defendant-appellant, Robert J. Caulley, appeals the judgment of the Franklin County Court of Common Pleas denying his motions for appointment of appellate counsel and preparation of a trial transcript at state expense. We find that the trial court abused its discretion in applying the standard for determining whether a criminal defendant is entitled to court-appointed counsel as set forth in *State v. Tymcio,* (1975), 42 Ohio St.2d 39, 71 O.O.2d 22, 325 N.E.2d 556. We reverse the judgment of the trial court and find that appellant is entitled to appointed appellate counsel and a trial transcript at state expense.

On October 17, 1996, a jury found Caulley guilty of voluntary manslaughter, murder, and aggravated robbery. On December 3, 1997, Caulley filed with this court a notice of appeal of his conviction. On that date, he also filed with the trial court an affidavit of indigency and motions for appointment of appellate counsel and preparation of a trial transcript at state expense. On December 19, 1997, the

trial court conducted a hearing on Caulley's motions in which Caulley presented evidence of his indigency. At the end of this hearing, the trial court made the following statement:

"I believe that the Defendant has available to him such funds to hire counsel. He can't claim he is completely indigent if he owns fifty thousand dollars interest in real estate.

"Motion is denied. The Defendant is remanded to the deputy."

In its November 4, 1997 decision and entry the trial court stated "on Defendant's motion for Appointment of Counsel and to prepare transcript at State Expense Motion, the Court, after full and careful consideration of the evidence and arguments of counsel, finds said motion not well taken and hereby DENIES the same." Caulley appeals this order assigning as error:

"The trial court erred by refusing to provide appointed appellate counsel and a transcript of the trial court's proceedings at state expense in violation of his Due Process and Sixth Amendment Right to Counsel under the Sixth and Fourteenth Amendments of the United States Constitution and in violation of his rights under Ohio Constitution and Rules 32(A)(2) and 44 of the Ohio Rules of Criminal Procedure."

A criminal defendant's right to the assistance of counsel is constitutionally protected. *Tymcio*, at 43, 71 O.O.2d at 24–25, 325 N.E.2d at 559–560. It is also incorporated into the Ohio Rules of Criminal Procedure. In particular, Crim.R. 44(A) states that when a defendant is charged with a serious offense and is unable to obtain counsel "counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." Further, Crim.R. 32(B)(3) provides that after sentencing, the court shall advise defendants convicted of serious offenses: "(b) [t]hat if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost; [and] (c) [t]hat if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost[.]"

The Ohio Supreme Court established the standards for determining the right to the assistance of court-appointed counsel in *Tymcio*. In that case, Tymcio requested appointed counsel when on trial for aggravated assault. He claimed that he had no money to hire counsel, and that his attempts to borrow money from a bank were unsuccessful. He further claimed that he had contacted several attorneys, none of whom would take his case without cash in advance. The trial court denied Tymcio's request for court-appointed counsel. The Ohio Supreme Court reversed and remanded to the trial court, holding that "[t]he

entitlement depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact 'unable to employ counsel.'" *Tymcio,* paragraph one of the syllabus. "The obligation to provide counsel is often said to run to the 'indigent.' * * * [B]ecause undisputed indigence, and the inability *for that reason alone* to obtain counsel, is the major reason requiring the assistance of court-appointed counsel." (Emphasis *sic.*) *Tymcio* at 43, 71 O.O.2d at 24–25, 325 N.E.2d at 560. Because of Tymcio's inability "to obtain adequate counsel with his available resources because of demands for substantial cash retainers," counsel should have be appointed to represent him. *Tymcio* at 44, 71 O.O.2d at 25, 325 N.E.2d at 560.

■ The determination of indigency will not be reversed absent an abuse of discretion. *State v. Weaver* (1988), 38 Ohio St.3d 160, 527 N.E.2d 805. "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Weaver* at 161, 527 N.E.2d at 807, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Here, the trial court determined that because Caulley was not indigent, he was able to obtain counsel and, therefore, he was not eligible to receive court-appointed appellate counsel or a copy of the transcript at state expense. Because the trial court's decision in this regard can not be supported by the record, we find an abuse of discretion. See *Roberts v. Roberts* (July 24, 1998), Fulton App. No. F–97–027, unreported, 1998 WL 421652 (an abuse of discretion where the trial court's valuation of marital property was not supported by the record). Cf. *Columbia Gas of Ohio, Inc. v. Pub. Util. Comm.* (1984), 10 Ohio St.3d 114, 10 OBR 439, 462 N.E.2d 166 ("The amount to be refunded to customers was supported by the record and therefore not unreasonable or unlawful.").

First, we note that during trial and upon filing his appeal, Caulley was represented by counsel. When originally charged, Caulley submitted an affidavit of indigency. The trial court found that Caulley was indigent and appointed trial counsel. Later in the proceedings, Caulley's mother-in-law retained a private attorney, Mr. Owen, to serve as Caulley's defense counsel. In particular, Caulley's mother-in-law paid Owen a total of $21,200 between January 1997 and April 1997. Owen has continued to serve as counsel for Caulley, working *pro bono* since May 1997.

At the hearing to determine Caulley's eligibility for appointed *appellate* counsel, Caulley again claimed that he was indigent and could not afford the cost of counsel or a transcript for his appeal. In support of this claim, he offered the affidavit of indigency that was filed with the trial court on December 3, 1997. Both the affidavit and Caulley's testimony at the hearing indicated that Caulley had no monthly income, automobiles, personal property, retirement accounts, or

cash.  Caulley testified that he owed more than $11,000 in credit card debt and that he owed his mother-in-law $20,000.

According to his testimony, the only asset that Caulley still has under his control is one-half interest in a home in Texas.  This home was purchased for $103,000 in April 1996, and has a mortgage balance of approximately $83,000.  According to Caulley's affidavit, after expenses, his share of the proceeds from the sale of this house would equal approximately $5,800.

Caulley also submitted the affidavits of two attorneys, Ken Murray and Keith Yeazel, and an affidavit of a court reporter, Sandy Grego.  Murray indicated that based on the complexity of Caulley's case, the cost of representing him for his appeal would be between $30,000 and $40,000.  Similarly, Yeazel, who had also given Caulley *pro bono* assistance at trial, indicated that because the case was complex, the cost of representing Caulley would be between $25,000 and $35,000.  Further, Grego stated in her affidavit that the trial transcript would be approximately 3,500 to 4,000 pages.  It was stipulated that a transcript of this length would cost at least $9,500.

During cross-examination, the state elicited that Caulley would have had to spend approximately $12,000 per month to deplete his entire inheritance.  On redirect, Caulley testified that after paying for the cars and houses, he and his family lived on *and spent* the remaining $5,000 per month.

At the end of the hearing, the trial court found that Caulley was not indigent.  The trial court based this decision solely on its calculation of Caulley's equity interest in the house in Texas.  Specifically, the trial court determined that Caulley owned $50,000 interest in real estate in Texas and, therefore, was not indigent, and not entitled to appointed counsel.  Because the affidavits from the lawyers and court reporter indicated that Caulley's legal fees would equal approximately that amount, the trial court apparently believed that Caulley had adequate funds to obtain counsel.

However, the record does not support a finding that Caulley has a $50,000 equity interest in the house in Texas.  According to the uncontroverted testimony at the hearing, Caulley only has access to one-half of the proceeds if his house in Texas is sold.  This amount equals approximately $5,800 with which to pay the estimated cost of appeal, which in this case is approximately $50,000.

Thus, because the record does not support the trial court's finding that Caulley has $50,000 to put toward his defense, it was unreasonable and an abuse of discretion for the trial court to determine that Caulley was ineligible for court-appointed appellate counsel based on this reason alone.

Moreover, like the court in *Tymcio,* we find that the uncontroverted testimony in the record as outlined above clearly establishes that Caulley cannot obtain

appellate counsel in this case. Therefore, we hold that Caulley should have appellate counsel appointed, and a transcript provided at state expense. Appellant's assignment of error is well taken.

For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

PEGGY BRYANT and DESHLER, JJ., concur.