DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Sanford Atkins, ("Atkins") appeals his conviction from the Cuyahoga Falls Municipal Court. We affirm.
On February 20, 2001, Atkins pleaded not guilty to the charge of dog at large, in violation of Twinsburg Codified Ordinances 505.01. After a jury trial, the trial court found Atkins guilty and sentenced him to 3 days in jail, a $250 fine[1] and court costs. The trial court suspended Atkins' sentence pending an appeal.
This appeal followed.
 I.
Assignment of Error No. 1:
 THE COURT [ERRED] IN NOT APPOINTING COUNSEL FOR THE DEFENDANT AT TRIAL AND APPEAL.
In his first assignment of error, Atkins argues that the trial court erred in finding that he was not indigent for purposes of being entitled to a court appointed attorney.[2] We disagree.
The determination of whether a criminal defendant is indigent and, thus, in need of appointed counsel or other state-funded assistance, is a matter within the sound discretion of the trial court. State v. Weaver
(1988), 38 Ohio St.3d 160, 161. The determination of the trial court in this regard will not be reversed on appeal absent an abuse of discretion. Id. The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d
151, 157.
In the present case, the trial court found that Atkins was not indigent. Upon review of the record, we find no evidence that supports Atkins' claim of indigency. The trial court did not abuse its discretion. Atkins' first assignment of error is overruled.
 II.
Assignment of Error No. 2:
 THE COURT [ERRED] IN NOT DISMISSING THE COMPLAINT UPON LEARNING DURING TRIAL THAT THE COMPLAINT FAILED TO COMPLY WITH THE CRIMINAL RULE 3, [R.C.] 2935.09 AND 2935.10.
In his second assignment of error, Atkins argues that it was error for the trial court to convict him on a defective complaint. We disagree.
We begin by noting that it is the appellant's duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). The duty to provide a transcript for appellate review is borne by the appellant, because the appellant has the burden of establishing error in the trial court. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). When portions of the transcript, which are necessary to resolve assignments of error, are missing from the record, the reviewing court has "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199.
In the present case, Atkins moved the court to supplement the record with two documents both titled Transcript of Proceedings. Upon review of the record, it appears that there is no evidence that the documents entitled Transcript of Proceedings were transcribed by an official court reporter of the Summit County Court of Common Pleas. On appeal, this court may only consider a transcript prepared by the official court reporter, who "is the person appointed by the trial court to transcribe the proceedings for the trial court * * *. If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." App.R. 9(B). We are limited in our review on appeal to the record provided to us pursuant to App.R. 9. App.R. 12(A)(1)(b).
The transcript of proceedings filed with this court neither contained a signed affidavit of the court reporter who transcribed the transcript of proceedings, certifying that she is the official court reporter of the Summit County Court of Common Pleas nor a copy of a journal entry from the trial court appointing her as the Official Court Reporter for the purpose of transcribing the proceedings below. In the absence of a record of the trial, we find that Atkins has failed to affirmatively demonstrate his error on appeal. See Akron v. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2.
Accordingly, Atkins' second assignment of error is overruled.
 III.
Assignment of Error No. 3:
OTHER ERRORS ON THE FACE OF THE RECORD.
In his third assignment of error, Atkins states that the trial court failed to conduct a hearing on Atkins' motion to suppress and that the trial erred in allowing Officer Williams to testify at trial.
Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *."Advertising Tapes, Inc. v. Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported, at 2. An appellant's brief is required to contain argument and law "with citations to the authorities, statutes, and parts of the record on which [the] appellant relies." App.R. 16(A)(7); Loc.R. 7(A)(6).
This court declines to address this assignment of error, because Atkins' brief fails to identify in the record the error on which the assignment of error is based and fails to contain citations to any authorities or statutes.
 IV.
Having overruled Atkins' first and second assignments of error and disregarded his third assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] The record reflects that the trial court suspended $150 of the fine.
[2] In Atkins' first assignment of error, he also argues that this court erred in failing to appoint appellate counsel. On April 14, 2001, this court denied Atkins' motion to reconsider our denial of appointing appellate counsel. This court's denial of appellate counsel is not a proper error to assign to this court. Accordingly, our analysis will focus solely on the trial court's failure to appoint counsel.