OPINION
{¶ 1} This appeal arises from the decision of the Belmont County Court of Common Pleas following a bench trial on April 22, 2003. The trial court entered judgment on May 15, 2003, essentially ruling that Appellant, John E. Wells Sr., failed to meet his burden of proof at trial.
 {¶ 2} Appellant asserts three assignments of error on appeal. The first two assigned errors concern the trial to the court, but Appellant failed to provide a trial transcript for our review. Appellant's third assignment of error is not a final appealable order and is likewise untimely. Thus, we must affirm the trial court's decision.
 {¶ 3} Appellant filed a complaint pro se on September 23, 1999, against his brother, Mark D. Wells ("Mark"), and Ray Flanagan ("Flanagan") claiming that they intentionally converted Appellant's automobiles and other personal property in October of 1997. The alleged conversion apparently occurred after Appellant's incarceration.
 {¶ 4} By way of entry dated February 1, 2000, the trial court sua sponte dismissed Appellant's complaint for his failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). Appellant appealed the trial court's dismissal of his complaint to this Court and prevailed. Wells v. Wells
(Sept. 24, 2001), 7th Dist. No. 00 BA 11.
 {¶ 5} This Court reversed and remanded the matter to the trial court for further proceedings. This Court noted that the trial court dismissed Appellant's complaint apparently after it erroneously reviewed another pending civil matter involving similar parties. Id. at 3.
 {¶ 6} This Court also noted that Mr. Flanagan was not served with a summons and complaint and that the trial court had not addressed Appellant's motion to compel answers to interrogatories from his brother, Mark. Id. On remand, and by entry dated October 11, 2001, the trial court ordered Appellant to serve Flanagan with a copy of the complaint and ordered Mark to answer Appellant's interrogatories within thirty days.
 {¶ 7} Thereafter, Mark filed notice that he had responded to Appellant's interrogatories on November 11, 2001.
 {¶ 8} On December 11, 2001, the trial court dismissed Appellant's complaint against Mr. Flanagan, without prejudice, for Appellant's failure to serve him with a copy of the complaint pursuant to Civ.R. 41(B)(4), lack of personal jurisdiction.
 {¶ 9} Appellant also issued a second set of interrogatories to Mark, which he answered in July of 2002. Appellant subsequently filed a motion to compel seeking more specific answers to his second set of interrogatories. Appellant asserted that Mark's answers were intentionally false and evasive. The second motion to compel was overruled and the trial court indicated that it would appropriately assess the parties' credibility at trial. (10/18/02 Judgment Entry.)
 {¶ 10} This case proceeded to bench trial on April 22, 2003, and the trial judge ruled in favor of Mark, finding that Appellant failed to meet his burden of proof. (5/15/03 Judgment Entry.) This timely appeal followed.
 {¶ 11} Appellant, pro se, asserts three assignments of error on appeal. It should be noted that Appellant has not filed a transcript of the proceedings, a statement of the evidence, or an agreed statement as required by App.R. 9 in support of his assignments.
 {¶ 12} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.
 {¶ 13} Appellant suggests that this Court should sua sponte obtain a transcript or an audio recording of his April 22, 2003 trial. Appellant claims that he is unable to pay for the transcript as a result of his indigency and incarceration.
 {¶ 14} App.R. 9(C), which allows for a statement of the evidence or proceedings when no report was made or when the transcript is unavailable, provides:
 {¶ 15} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 16} Appellant has not availed himself of this procedure despite the Ohio Supreme Court's determination that the word "unavailable" for purposes App.R. 9(C), is intended to include an appellant who cannot afford the cost of securing the transcript.State ex rel. Motley (1986), 23 Ohio St.3d 56, 491 N.E.2d 311.
 {¶ 17} Appellant's first assignment of error asserts:
 {¶ 18} "The trial court erred in Ruling that the Plaintiff-Appellant's List of Property Stolen by the Defendant-Appellees was Inadmissible, Self-Serving Hearsay, Despite the fact that the Plaintiff-Appellant Testified to the contents of the list, and otherwise Authenticated the List at Trial."
 {¶ 19} In reviewing Appellant's first assignment of error, it is clear that it concerns matters that occurred during trial, i.e., the admissibility of evidence.
 {¶ 20} A trial court generally has discretion to admit or exclude evidence and its decision will only be reversed with a showing of an abuse of discretion. State ex rel. Van Dyke v.Public Employees Retirement Board, 99 Ohio St.3d 430,793 N.E.2d 438, 2003-Ohio-4123, ¶ 43. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Weaver (1988), 38 Ohio St.3d 160,161, 527 N.E.2d 805, quoting Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 21} However, this Court is unable to assess the validity of this alleged error without reviewing the trial transcript. It was Appellant's duty to provide a copy of the transcript or a statement of the evidence for appellate review. Absent this record, we must presume that the trial court did not abuse its discretion in making these determinations. Knapp,61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.
 {¶ 22} Based on this presumption, Appellant's first assignment of error lacks merit and is overruled.
 {¶ 23} Appellant's second assignment of error asserts:
 {¶ 24} "The Trial Court Erred in Finding that the Plaintiff-Appellant Failed to Prove his Claim by a Preponderance of the Evidence."
 {¶ 25} Appellant's second assignment of error concerns the trial court's ultimate judgment on the merits of Appellant's case, specifically its holding that Appellant failed to meet the requisite burden of proof to prevail at trial.
 {¶ 26} In reviewing the judgment rendered following a trial to the bench, the appropriate standard of review is whether the trial court's judgment is, "supported by some competent, credible evidence going to all the essential elements of the case." C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Since Appellant chose a bench trial, it was the trial judge's duty to assess both witness credibility and the sufficiency and weight to give the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366,227 N.E.2d 212.
 {¶ 27} Given the fact that this Court has no trial court record to review, we are, once again, unable to assess the evidence relative to Appellant's claims. Once again, this Court must presume that the trial court's judgment was sound. Based on the above, we are also compelled to overrule Appellant's second assignment of error.
 {¶ 28} Appellant's third assignment of error asserts:
 {¶ 29} "The Trial Court Erred to the Appellant's Prejudice by Refusing to Order the Appellee to Comply with the Appellant's Discovery Requests, Despite the fact of the Appellee's Obvious Evasiveness, and Based Solely upon the Appellee's unsworn Statements."
 {¶ 30} Appellant's third assignment of error concerns the trial court's decision to overrule his second motion to compel, which was decided in the court's October 18, 2002, judgment entry.
 {¶ 31} Appellant, however, did not appeal the October 18, 2002, judgment entry. Appellant only identified the May 15, 2003, decision as the entry from which he now appeals. (6/4/03 Notice of Appeal.)
 {¶ 32} App.R. 4(A) requires a party to file his or her notice of appeal within thirty days from the date of the judgment or order appealed. Thus, had Appellant identified the October 18, 2002, judgment entry in his June 4, 2003, Notice of Appeal, his appeal would be untimely.
 {¶ 33} In addition, a court of appeals only has jurisdiction to review final orders that are statutorily defined. Const. Art. 4, § 3(B)(2). A final appealable order must affect a substantial right, determine the action and prevent a judgment. Stewart v.Midwestern Indemnity Co. (1989), 45 Ohio St.3d 124, 126,543 N.E.2d 1200; R.C. § 2505.02(B).
 {¶ 34} Appellant's third assignment of error concerns his motion to compel filed after he propounded a second set of interrogatories to his brother. Each interrogatory was answered, but Appellant's motion sought an order to compel Mark to provide, "accurate and non-evasive answers." Appellant also attached an affidavit to the motion to compel in an effort to establish that Mark was lying in his answers to the interrogatories.
 {¶ 35} However, a discovery order overruling a motion to compel is not a final appealable order. Nelson v. Toledo Oxygen Equipment Co., Inc. (1992), 63 Ohio St.3d 385, 588 N.E.2d 789, syllabus.
 {¶ 36} Further, the trial court appropriately set forth in its October 18, 2002, judgment entry that it would not address a party's credibility until trial. Credibility issues are primarily reserved for the trier of fact and are essential to a trial.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.
 {¶ 37} Based on the foregoing, Appellant's third assignment of error, had it been timely and appropriately recognized as the order from which Appellant appeals, does not constitute a final appealable order since it does not affect a substantial right, determine the action or prevent a judgment.
 {¶ 38} As such, Appellant's third assignment of error also lacks merit and is hereby overruled.
 {¶ 39} Based on the foregoing, the trial court's judgment is affirmed in its entirety.
Donofrio, J., concurs.
Vukovich, J., concurs.