OPINION
{¶ 1} This is an appeal from a decision on a motion to show cause for contempt as to appellant's alleged failure to permit visitation by appellee pursuant to a prior court order.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This cause began with an administrative support hearing for Katlynn N. Pletcher, (D.O.B. February 16, 2000). Appellee acknowledged paternity. Appellant is the natural mother.
 {¶ 3} An Agreed Entry was filed August 13, 2003, wherein appellee was to have parenting time in accordance with the Standard Rules for Visitation of Perry County, and specified monetary support was included. A Supplemental Order of the same date referenced R.C. 3109.051 (G) mandating notice of relocation by the residential parent (appellant) and advised that a willful violation of any stated order could be grounds for contempt.
 {¶ 4} Appellant is now a resident of the State of Indiana and the court record does not reveal a notice of relocation prior to Appellee's motion.
 {¶ 5} Appellee filed the motion to show cause and for attorney fees on January 16, 2004. It alleged that appellee's visitation was limited by appellant to one weekend in each of October, November and December, 2003, and that appellant refused to provide her current address or phone number. A request by appellant for appointed counsel was denied.
 {¶ 6} A magistrate's hearing on the motion was held September 9, 2004. The record indicates testimony by appellant on cross-examination and by appellee, but also that the recording device malfunctioned. The following orders were made in addition to findings of fact:
 {¶ 7} "7. Pursuant to Ohio Revised Code Section 2705.05, the Court may impose a jail sentence of thirty (30) days or a $250.00 fine or both for a first offense contempt.
 {¶ 8} "8. The Plaintiff shall be found to be in contempt of this Court's previous Order to allow the Defendant to have parenting time with the minor child. She is also in contempt for failing to file a relocation notice with this court. She shall be sentenced to ten (10) days in jail and fined the sum of $250.00. However, the jail sentence and fine shall be suspended on condition that the plaintiff allow the Defendant to have make up parenting time for the times he missed with the minor child. The make up parenting time shall be completed by September 1, 2005. The Plaintiff shall provide all transportation for the make up parenting time.
 {¶ 9} "9. The Plaintiff shall pay to the Defendant the amount of $500.00 for his attorney's fees. The said amount shall be paid as follows: $250.00 in thirty (30) days and $250.00 in sixty (60) days."
 {¶ 10} Objections to the Magistrate's decision were filed.
 {¶ 11} Such objections included a request for an additional hearing date to present evidence.
 {¶ 12} Two assignments of error are raised:
 ASSIGNMENTS OF ERROR {¶ 13} "I. The trial court abused its discretion when it failed to appoint counsel to appellant prior to the contempt hearing.
 {¶ 14} "II. The trial court abused its discretion when it adopted the magistrate's decision of October 19, 2004 by its order of November 22, 2004 and failed to remand for a new hearing when the transcript disclosed a tape/machine malfunction that prevented a full transcript from being filed from which the appellant could prepare complete objections to the magistrate's decision."
 I. {¶ 15} In her first assignment of error, Appellant argues that the trial court abused its discretion in failing to appoint counsel for her. We agree.
 {¶ 16} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 17} As to this assignment of error, the record indicates that Appellant was subject to incarceration upon a finding of contempt. Also, notwithstanding the fact that her affidavit as to indigency indicates an available net monthly amount of $3.85, the trial court, on May 18, 2004, found that she did not qualify for court-appointed counsel.
 {¶ 18} On objections to the Magistrate's Decision, the trial court found that, as the denial of court-appointed counsel occurred on May 18, 2004, and the hearing was held on September 9, 2004, that Appellant had ample time to secure her own counsel.
 {¶ 19} No explanation by the trial court is indicated on the form Entry of disqualification.
 {¶ 20} An indigent's right to court-appointed counsel in a contempt proceeding involving the potential for incarceration was thoroughly reviewed by this Court in Walters v. Murphy, Ashland County App. No. 04-COA-044, 2004-Ohio-6456. While such case was affirmed on other grounds, this Court stated:
 {¶ 21} "We will not reverse the trial court's decision, concerning appellant's right to court-appointed counsel, absent an abuse of discretion. See State v. Weaver (1988), 38 Ohio St.3d 160, 527 N.E.2d 805, syllabus."
 {¶ 22} We must still conclude that the Due Process clause of theFourteenth Amendment to the United States Constitution mandates the appointment of counsel when the indigent person may be incarcerated for contempt.
 {¶ 23} Here, on its face Appellant would qualify for appointment of counsel under the Standards of Indigency, 120-1-03 of the Ohio Public Defender.
 {¶ 24} Revised Code § 2705.031(C), states in relevant part:
 {¶ 25} "(C) In any contempt action initiated pursuant to division (B) of this section, the accused shall appear upon the summons and order to appear that is issued by the court. The summons shall include all of the following:
 {¶ 26} "(1) * * *
 {¶ 27} "(2) Notice that the accused has a right to counsel, and that if indigent, the accused must apply for a public defender or court appointed counsel within three business days after receipt of the summons;"
 {¶ 28} Without further explanation other than that she did not qualify, we find that an abuse of discretion did occur in that the denial appears from the record to be arbitrary.
 {¶ 29} The lapse of time between the denial of her motion for appointment of counsel and the hearing date did not cure the inability to obtain paid counsel.
 {¶ 30} If there is a justifiable basis for ineligibility, it does not appear in the record.
 {¶ 31} We therefore sustain the First Assignment of Error and remand this cause for a determination as to eligibility or lack thereof for appointed counsel with a new show cause hearing to follow if eligibility is present.
 II. {¶ 32} In her second assignment of error, Appellant argues that the trial court abused its discretion in adopting the Magistrate's Decision.
 {¶ 33} Based on our ruling as to the First Assignment of Error, it is unnecessary to address the second assignment of error.
 {¶ 34} The decision of the Perry County Court of Common Pleas, Juvenile Division is reversed and remanded for proceeding consistent this opinion.
Boggins, P.J., Gwin, J., and Hoffman, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Perry County Court of Common Pleas, Juvenile Division is reversed and remanded for proceedings consistent with this opinion. Costs assessed to appellee.