[Cite as *State v. Stone*, 2012-Ohio-5488.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

LOGAN K. STONE

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 12-COA-021

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland Municipal Court, Case No. 12-TRC-2648, and 12-CRB-438 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 26, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

W. DAVID MONTAGUE
Assistant Director of Law
1213 E. Main St.
Ashland, Ohio 44805

For Defendant-Appellant

THOMAS L. MASON
Mason, Mason & Kearns
Post Office Box 345
153 West Main Street
Ashland, Ohio 44805-0345

*Hoffman, J.*

{¶1}   Defendant-appellant Logan K. Stone appeals his June 13, 2012 conviction and sentence entered by the Ashland Municipal Court.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

{¶2}   On April 10, 2012, Appellant operated a motor vehicle in Ashland County, Ohio, striking another vehicle.  Appellant was charged with operating a vehicle under the influence of alcohol, failing to stop within a clear distance ahead, open container of alcohol in a motor vehicle, persistent disorderly conduct and menacing.

{¶3}   At arraignment, Appellant expressed his desire to retain counsel, but indicated he could not afford to pay the services of an attorney.  Appellant then completed an application for indigency status.

{¶4}   Following a hearing on April 12, 2012, the trial court found Appellant not to be indigent.  The trial court then continued the case allowing Appellant an opportunity to obtain counsel on his own behalf.

{¶5}   On April 24, 2012, Appellant entered a plea of guilty to the charge of persistent disorderly conduct, a violation of R.C. 2917.11(E)(1)(A).  In exchange, the state agreed to nolle the charges of menacing, in violation of R.C. 2903.22, and open container, in violation of R.C. 4301.62(B)(4).

---

[1] A thorough rendition of the facts relative to this case is unnecessary for our disposition of the within appeal.

{¶6} Via Journal Entry of June 7, 2012, the trial court found Appellant guilty of operating a vehicle under the influence of alcohol and the assured clear distance violation.

{¶7} Via Judgment Entry of June 13, 2012, the trial court sentenced Appellant to thirty days in jail, which sentence was to be served consecutive to the sentence previously imposed in an unrelated case, for a total of two hundred and ten days in jail. The trial court also imposed a fine and court costs.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT DENIED THE APPELLANT THE RIGHT TO COUNSEL BY REFUSING TO APPOINT COUNSEL TO REPRESENT HIM EVEN THOUGH THE APPELLANT HAD INFORMED THE COURT TWICE THAT HE COULD NOT AFFORD TO HIRE AN ATTORNEY."

{¶10} In the sole assignment of error, Appellant maintains he was denied the right to counsel as he informed the trial court he could not afford an attorney.

{¶11} The determination of a defendant's indigency status is left to the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. *State v. Weaver,* 38 Ohio St.3d 160, 527 N.E. 2d 805 (1988). Here, the trial court conducted a hearing to determine Appellant's indigency status. Appellant has not provided his application for indigency status to this Court for review. Rather, Appellant argues he simply could not afford the cost of the attorney services. At the hearing relative to Appellant's indigency status, the following exchange occurred on the record:

{¶12} "The Court: Okay. So none of this money that you're showing on this form for your spouse is as a result of employment?

**{¶13}** "The Defendant: No.

**{¶14}** "The Court: And you're not employed, correct?  You have no income at all?

**{¶15}** "The Defendant: I'm self-employed.  I don't, I'm not employed anywhere.  I work when I can find work.

**{¶16}** "The Court: And what do you do, Mr. Stone?

**{¶17}** "The Defendant: I have my, own my own business.

**{¶18}** "The Court: Well, how much do you typically make in a month from this business?

**{¶19}** "The Defendant: It varies.  Some months I can make up to 8 grand a month if I can find work.  But like I haven't worked, I didn't work at all February.

**{¶20}** "The Court: How much money did you make in 2011?

**{¶21}** "The Defendant: Last year?  I think I grossed 18.

**{¶22}** "The Court: And the business is still a going concern?  You're still operating?

**{¶23}** "The Defendant: Yes, sir.  It's just me; I run my own business.  I do my own work.

**{¶24}** "The Court: Do you have a checking account for this business?

**{¶25}** "The Defendant: I do.

**{¶26}** "The Court: There's no balance in it?

**{¶27}** "The Defendant: No I didn't have work for most of February.

**{¶28}** "The Court: Mr. Stone, based on the information set forth in this affidavit and your testimony here today, I'm not finding that you're indigent.  You're not qualified

for court-appointed counsel. You certainly have a right to counsel. But with an income level that you have, I'm not going to require the taxpayers to pay for your lawyer. So you'll have to retain counsel on your own if you want one."

**{¶29}** Tr. at 12-13.

**{¶30}** Upon review of the record, we find the trial court did not abuse its discretion in denying Appellant's application for indigency status. Again, Appellant has not submitted his affidavit for indigency status to this Court for review, and we do not have evidence demonstrating the trial court abused its discretion in its findings. Although at a subsequent pretrial Appellant advised the trial court he was unable to obtain counsel, he did not specifically renew his request for appointed counsel but instead initiated plea negotiations indicating he wanted to save the court time and money.

**{¶31}** The following exchanged occurred on the record during the April 24, 2012 pretrial hearing:

**{¶32}** "The Court: Are you going to be retaining counsel on your own?

**{¶33}** "The Defendant: I was going to but I can't afford it. They wanted $750 to appear in court today, and I don't have it. To save the court time and money, I'd like to plead guilty to all the traffic violations if we can work something out to where the criminal charges are dropped."

**{¶34}** Tr. at 16-17.

**{¶35}** Based upon the foregoing, we find Appellant has not demonstrated the trial court abused its discretion in finding he was not indigent and in not appointing counsel on his behalf.

**{¶36}** Appellant's sole assignment of error is overruled.

**{¶37}** The judgment of the Ashland Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                            :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :            JUDGMENT ENTRY
                                         :
LOGAN K. STONE                           :
                                         :
    Defendant-Appellant              :            Case No. 12-COA-021


For the reason stated in our accompanying Opinion, the judgment of the Ashland

Municipal Court is affirmed.  Costs to Appellant.




s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS